IN RE ESTATE OF ROBERT J. ANDREWS.

A. T. BENNETT, Administrator, Appellee, v. LULU W. ANDREWS et al., Appellants.

No. 42994.

FEBRUARY 18, 1936.

REHEARING DENIED JULY 31, 1936.

Herbert W. Brackney and Don W. Burington, for appellants.

John D. Beardsley, for administrator.

Crary & Crary and Naglestad, Pizey & Johnson, for resisting creditors.

MITCHELL, J.—Robert J. Andrews died at Sioux City, on the 17th day of December, 1929, and thirty days later his will was duly admitted to probate. Under the will the wife, Lulu W. Andrews, his two sons, Guy W. Andrews and Robert S. Andrews, and his daughter, Helen A. Swift, were appointed as executors of his estate, without bond, and they duly qualified. For some reason not appearing in the record, no inventory was filed by the executors until January 26, 1933, a few days over three years from the date that the will was admitted to probate. And two days later, on January 28, 1933, the final report was filed by the executors.

It appears that Robert S. Andrews, one of the executors, was in active charge of the estate, as he had been associated with his father in the insurance and real estate business in Sioux City for some years and was thoroughly acquainted with all of the property and business of the deceased, and he proceeded to handle the affairs on much the same basis as the father had been handling the business; said decedent having been engaged in making loans on city real estate and in the general insurance business. In that line of work he had many customers who left their funds with him from year to year, for investment and reinvestment, and the mortgages given as security for the funds loaned by the said Robert J. Andrews were kept in his name, and he paid or advanced the interest and paid the taxes on the property if the same ever became delinquent, for the purpose of protecting his customers. After the father's death the son proceeded to pay out the interest on these funds, and to protect the parties by the payment of taxes and interest, the same as his father had done before, without securing any orders of court. Shortly after the filing of the final report, the executors resigned and A. T. Bennett was duly appointed administrator on February 23, 1933. Under order of court he employed a certified public accountant to go over the final report. And on July 6, 1933, A. T. Bennett filed a report showing that there was a shortage of $1,264.38. The audit further disclosed that the former executors had paid out, in interest items on claims against the estate,

a sum of money in excess of $4,000, all of which was done without any order of court. Thereafter objections were duly filed to the report of the former executors by A. T. Bennett, the newly appointed administrator, and by persons holding claims against the estate. Evidence was offered, hearings were held, and on July 6, 1934, the court filed his finding of facts and decree. The former executors on September 8, 1934, filed a motion to vacate and set aside the finding of facts and decree of court, which motion was duly overruled, and this appeal is taken from said adverse ruling.

The abstract which was filed in this case does not set out any of the evidence presented in the lower court. It consists simply of a copy of the will, a statement that same was duly admitted to probate, appointment of the executors, who qualified, a summary of what the inventory contained, a summary of the final report and of the audit, and shows that objections were filed. And then, under the heading of "Evidence;" the following:

"At various times during the early part of 1934 hearings were had upon the final report of the executors and the report of the auditor, hereinbefore mentioned, but on account of the illness of the reporter of that testimony that evidence cannot be set out at this time. It is further the contention of the appellants that the questions raised on this appeal are fully disclosed by the final report, the auditor's report, the exceptions and objections thereto, and that a transcript of that evidence would be very expensive and for the questions presented on this appeal, of no material value. If, however, it should be found necessary, the appellants will furnish a transcript of the evidence which the court may think essential."

It is of course the duty of the appellants to present to this court an abstract of the evidence so that this court will have before it the evidence upon which the lower court entered its decree. This court can not specify or designate to an appealing party what part of the evidence should be transcribed. It is the duty of the party who brings the case here for review to present his record in compliance with the rules of this court.

It is the contention of the appellants that this case can be decided here upon the pleadings which they have set out in their abstract. One of the points they raise is that the court refused

to allow the executors, and the attorneys for same, compensation for services rendered. On the question of the rights of the executors and the attorneys for the executors, to compensation for services, the finding of the lower court is as follows:

"The court further finds that the executors have not preserved the assets of the estate, nor faithfully administered the same, nor complied with the requirements of the statutes of Iowa in such cases made and provided, nor with the orders of this court as required by law, and that the said executors are therefore, as against the claims of creditors of this estate, not entitled to compensation for services rendered; and that the attorney for the executors has failed and neglected to comply with the orders of this court in that he failed to make application to the court for orders requiring the executors to comply with the statutory requirements and with the court's orders to the executors, and he is, therefore, as against the claims of the creditors of the estate, not entitled to compensation for services rendered, out of funds of the estate."

There is, of course, no way that we can determine, upon the record which has been here submitted, whether or not the lower court erred in finding that the executors have not preserved the assets of the estate nor faithfully administered the same, for there is no evidence before us. Such finding and judgment cannot be reviewed in the absence of an abstract of the evidence taken at the hearing before the trial court.

The same applies to all other errors argued by the appellants. We are unable, due to the failure of the appellants to abstract and present the evidence, to determine whether or not the lower court erred in its findings, and in the decree which was entered in this cause.

It therefore follows that judgment and decree of the lower court must be, and it is hereby, affirmed.

Chief Justice and Justices concur.