Earl A. POWELL, Appellant,

v.

**KHODARI–INTERGREEN COMPANY, A
Partnership, and Green Construction
Company, A Corporation, Appellees.**

No. 67900.

Supreme Court of Iowa.

May 18, 1983.

John P. Dollar of Seery & Dollar, Des Moines, for appellant.

James L. Sayre and Gerald L. Hammond, of Dreher, Wilson, Adams, Jensen, Sayre & Gribble, Des Moines, for appellees.

Considered by UHLENHOPP, P.J., HARRIS, McGIVERIN and CARTER, JJ., and LeGRAND, Senior Judge.

CARTER, Justice.

Plaintiff appeals from judgment on jury verdict in action seeking damages for breach of employment contract and alleged tortious conduct of the defendants incident to termination of plaintiff's employment. Defendants cross-appeal from trial court rulings as to applicability of foreign law in adjudication of plaintiff's claims. In *Powell v. Khodari-Intergreen Co.,* 303 N.W.2d 171 (Iowa 1981), we considered a prior appeal in this action involving jurisdictional issues which are not involved in the present appeal.

Plaintiff's claims arise from events which followed the execution of a written employment contract dated September 2, 1976, which purports to be between plaintiff and defendant Khodari-Intergreen Co., but as to which plaintiff claims the defendant Green Construction Co. is the true employer. That contract contemplated that plaintiff would perform services for the employer as a carpenter foreman in Saudi Arabia. Subsequent to the execution of the contract,

plaintiff did go to Saudi Arabia and commence working pursuant to the agreement. After about a month, a dispute arose concerning employment conditions and plaintiff treated his contract as terminated.

The present action seeks damages from defendants on three basic theories: (1) breach of contract alleged to have been committed by both defendants, (2) intentional infliction of emotional distress alleged to have been committed by defendant Khodari-Intergreen Co. in seeking to extract a release of claims from plaintiff following termination of his employment, and (3) malicious threats to extort a release of claims from plaintiff alleged to have been committed by defendant Khodari-Intergreen Co. following termination of plaintiff's employment. These claims were tried to a jury. At the conclusion of the evidence, the trial court directed a verdict against plaintiff as to the intentional infliction of emotional distress claim and the malicious threat to extort claim. The breach of contract claim was submitted to the jury as to both defendants. The jury returned a verdict for plaintiff against the defendant Khodari-Intergreen Co. only. Following entry of judgment on that verdict, these appeals were taken.

On plaintiff's appeal, he contends that the trial court erred in directing a verdict on his intentional infliction of emotional distress claim and his malicious threat to extort claim. He also contends that the trial court erred in the forms of verdict which were employed in submitting the breach of contract claim. On defendants' cross-appeal, they assert that in the event plaintiff is successful in obtaining retrial of any issue, we should hold that the trial court erred in the choice of law rules which were applied in the first trial. We separately consider these issues. Additional facts and trial court rulings which must be considered in the resolution of these appeals are set forth in our discussion of the legal issues presented.

## I. *Directed Verdict on Intentional Infliction of Emotional Distress Claim.*

■ At the conclusion of the evidence, the defendants moved for a directed verdict on plaintiff's claim of intentional infliction of emotional distress. The elements of such a claim are set forth in *Amsden v. Grinnell Mutual Reinsurance Co.*, 203 N.W.2d 252, 255 (Iowa 1972), where we adopted the elements listed in *Restatement (Second) of Torts* § 46(1) (1965). These elements are:

(1) Outrageous conduct by the defendant;

(2) The defendant's intentional causing, or reckless disregard of the probability of causing emotional distress;

(3) Plaintiff suffering severe or extreme emotional distress; and

(4) Actual and proximate causation of the emotional distress by the defendant's outrageous conduct.

Defendants' motion for directed verdict asserted that the evidence was insufficient to permit the jury to find the presence of any of the foregoing elements. The trial court sustained the motion on the basis of a failure of proof as to elements (1) and (3). Our disposition of this issue on appeal need only involve the first element, outrageous conduct by the defendant. Plaintiff urges on appeal that such conduct is to be found in threats made by defendants or their agents upon the termination of plaintiff's employment. It is claimed that on this occasion the defendants threatened to withhold plaintiff's pay, plane ticket, and passport, and report his unemployment status to the Saudi authorities so that he would be arrested and held for deportation by the Saudi police.

■ The problem which we face in evaluating plaintiff's intentional infliction of emotional distress claim is that there is nothing in the record on appeal except the allegations of the petition to show that the alleged conduct by defendants or their agents in fact occurred. There is no evidence relating to such conduct in the partial transcript of testimony which has been transmitted as part of the record on appeal. In oral argument, plaintiff conceded that to the extent such evidence was presented, it

has not been transcribed or made part of the record on appeal. Iowa Rule of Appellate Procedure 10(b) provides in part: "If appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence he shall include in the record a transcript of all evidence relevant to such finding or conclusion." We believe that the foregoing rule requires the inclusion of all evidence relating to an issue when appellant seeks to urge that a trial court erred in directing a verdict on a particular issue. Plaintiff has not complied with this requirement. Such failure on his part precludes us from disturbing the ruling of the trial court sustaining the motion for directed verdict on the intentional infliction of emotional distress claim. *See Central Construction Co. v. Klingensmith,* 256 Iowa 364, 365, 127 N.W.2d 654, 656 (1964); *Holden v. Voelker,* 228 Iowa 589, 591, 293 N.W. 32, 33 (1940); *In re Estate of Andrews,* 221 Iowa 818, 821, 265 N.W. 187, 189 (1936). The portion of the judgment relating to the adjudication of that claim is affirmed.

II. *Directed Verdict on Malicious Threat to Extort Claim.*

■ We next consider plaintiff's contention that the trial court erred in directing a verdict on his malicious threat to extort claim. While a motion for directed verdict was made as to this claim at the conclusion of the evidence, both parties agree that the merits of the claim had been finally adjudicated adversely to plaintiff by a pretrial ruling. The motion for directed verdict was based entirely upon the legal effect of the court's pretrial ruling on a motion for adjudication of law points under rule 105, Iowa Rules of Civil Procedure, and did not go to the sufficiency of the proof at trial. Law points previously adjudicated under rule 105 which are unavoidably involved in ruling on a motion for directed verdict may be reviewed on appeal from the latter ruling. *Braden v. Board of Supervisors,* 261 Iowa 973, 976, 157 N.W.2d 123, 124–25 (1968).

The material allegations of plaintiff's petition, as amended, which bear upon that claim are as follows:

That Section 720.1 of the 1977 Code of Iowa provides criminal sanctions for certain "malicious threats to extort". Defendant's conduct of threatening to report Plaintiff to Saudi police and having him arrested if he did not sign a release is violative of Section 720.1 of the Iowa Code and creates civil liability for Defendant's actions through the operation of Section 611.21 of the 1977 Code of Iowa.

As a result of these allegations, plaintiff seeks to recover both actual and exemplary damages from the defendant Khodari-Intergreen Co.

The relevant portions of defendants' motion to adjudicate law points is as follows:

That is the Defendants' contention that . . . Plaintiff's amended Petition alleging that acts committed, by the Defendant, Khodari-Intergreen, wholly within the jurisdiction of the Kingdom of Saudi Arabia constitute a violation of Section 720.1, *Code of Iowa* (1979) cannot provide a basis for a civil recovery by the Plaintiff because the application of well-settled conflicts of laws rules, to the facts of this case, mandate a finding that actions taken wholly outside the jurisdiction of Iowa cannot be held to violate a criminal statute of the State of Iowa, and, therefore, the Plaintiff has failed to state a meritorious claim . . . .

That it is the Defendant's contention that the criminal code of the State of Iowa does not extend to the Kingdom of Saudi Arabia, and that, under no circumstances, may the Plaintiff recover damages from either Defendant when such recovery is predicated on actions of the Defendants committed wholly outside the jurisdiction of the State of Iowa because such actions would not violate the Iowa criminal code . . . .

Plaintiff may under no circumstances, recover damages from either Defendant when the Plaintiff's cause of action is predicated solely upon actions taken by the Defendants within the jurisdiction of the Kingdom of Saudi Arabia.

The trial court sustained the claims of the foregoing motion generally and without elaboration, but both parties agree that the effect of this ruling was an adjudication on the merits against plaintiff's malicious threat to extort claim.

■ The defendants' motion for adjudication of law points as it pertains to the malicious threat to extort claim does not depend on the issue of which state's or nation's law applies under the proper choice-of-law rules. It is based instead on a theory of the territorial limitations on the application of state statutes. It is a generally recognized principle that a statute of one state has no extraterritorial effect beyond its borders. *United States v. Curtiss-Wright Export Corp.,* 299 U.S. 304, 318, 57 S.Ct. 216, 220, 81 L.Ed. 255, 261 (1936); *Gulf Collateral, Inc. v. Morgan,* 415 F.Supp. 319, 321 (S.D.Ga.1976); *Singer v. Magnavox Co.,* 380 A.2d 969, 981 (Del.1977); *State of California v. Copus,* 158 Tex. 196, 199, 309 S.W.2d 227, 229 (1958), *cert. denied,* 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1074; *National Bank of Topeka v. Mitchell,* 154 Kan. 276, 281, 118 P.2d 519, 522 (1941); *Southern Pacific Railroad Co. v. Gonzalez,* 48 Ariz. 260, 273, 61 P.2d 377, 382 (1936). We recognize such principle as applicable in our courts.

■ The issue which must be determined is whether the territorial limitations which inhere in our code section 720.1 (1977) act to support defendants' claim which the trial court sustained that on the face of plaintiff's petition, he "has failed to state a meritorious claim." We believe this question must be answered in the negative. The test which must be applied for purposes of determining whether a claim can be dismissed on the pleadings is whether under any state of facts the allegations of the petition support the entitlement to some relief. *Van Meter v. Van Meter,* 328 N.W.2d 497, 498 (Iowa 1983); *Glass v. Minnesota Protective Life Ins. Co.,* 314 N.W.2d 393, 397 (Iowa 1982). If a party is not entitled to all the relief asked for, he or she may be entitled to recover any lesser or different relief which is embraced within the pleadings and supported by the proof. Iowa Code § 619.9 (1983).

■ At the time the trial court ruled on a motion for adjudication of law points as to the malicious threat to extort claim, no determination had been made of the proper law to be applied in determining whether plaintiff had a claim for relief on the facts alleged. Undoubtedly, if the elements are established which are proscribed by Iowa Code section 720.1 (1977), we would consider such conduct to be civilly actionable under our law in the absence of any statute. Under such circumstances, until it is established that the law of another state or nation applies to this claim and that such law classifies the alleged conduct differently from the views we have just expressed, plaintiff's claims cannot be resolved against him on the basis of the allegations of his petition.

*Restatement (Second) of Conflict of Laws* section 136 comment *f* provides:

> The local law of the forum determines which party must initially provide information about the foreign law and which party has the ultimate burden of persuading the court as to the content of the foreign law. Frequently, the local law of the forum will provide that the party who claims that the foreign law is different from the local law of the forum has the burden of establishing the content of the foreign law.

Our law specifies that the party relying on foreign law has the burden to establish what it is. *Berghammer v. Smith,* 185 N.W.2d 226, 230 (Iowa 1971). In accordance with the *Restatement* comment, we believe such burden falls on the party claiming that foreign law is different from local law. Neither party is required to plead or prove the foreign law unless some difference therein is relied upon by that party. We hold plaintiff's claims cannot be resolved against him on the basis of the allegations of his petition involving a malicious threat to extort, and the trial court erred in ruling otherwise. The case is reversed on this issue and remanded for a new trial on that claim.

■ We do not consider the arguments of the parties on the merits concerning applicable choice of law based upon either the "most significant relationship" rule or the choice of law provision in the contract between the parties. Although those issues were made a part of the motion to adjudicate law points and were considered by the trial court, the pleadings reveal factual issues pertaining thereto which precluded adjudication of such matters under rule 105. *See Montz v. Hill-Mont Land Co.,* 329 N.W.2d 657, 658 (Iowa 1983). Because both parties challenge the trial court's ruling on these issues, we set aside the ruling on adjudication of law points in its entirety for purposes of retrial.

III. *Forms of Verdict on Breach of Contract Claim.*

Finally, we consider plaintiff's contention that the trial court erred in the forms of verdict which were submitted to the jury on his breach of contract claim. Specifically, he urges that the verdict forms were erroneous in forcing the jury to elect between the defendants in fixing recovery on that claim. Plaintiff sufficiently objected to the forms of verdict in the trial court to present this issue on appeal.

The contractual issues against Green Construction Co. were submitted to the jury on the basis of a belated amendment to the petition alleging a principal and agent relationship between Green Construction Co. and Khodari-Intergreen Co. Defendants in their cross-appeal assert that the trial court abused its discretion in permitting what they claim to be an untimely amendment. As a result of the amendment, the jury was permitted to hold Green Construction Co. liable on the contractual claim if it found that corporation to be the true principal to the agreement with plaintiff which was negotiated by Khodari-Intergreen Co. If such finding were returned, the forms of verdict provided that recovery would be against Green Construction Co. only on the contractual claim. Khodari-Intergreen Co. was to be found liable on the contractual claim if it were found to be the true principal to the

agreement. The forms of verdict provided that if that were the jury's finding, the verdict could be returned against Khodari-Intergreen Co. only.

■ Plaintiff's claim of error is based on its belief that the jury should have been permitted to impose liability against both defendants if it found that Khodari-Intergreen Co. was acting as the agent of Green Construction Co. in negotiating the contract with the plaintiff. We disagree. An agent is ordinarily not liable on the contracts of his principal unless the principal is undisclosed. *Cryder Well Co. v. Stangl,* 257 Iowa 1255, 1258, 136 N.W.2d 519, 521 (1965). Plaintiff failed to plead or prove that if Green Construction Co. was a principal that it was undisclosed; nor did plaintiff rely upon such contention in the objections which were made to the forms of verdict in the trial court. We find no error in the forms of verdict which were employed by the trial court in submitting the breach of contract claim.

The contract claim against Khodari-Intergreen Co. was in the case long prior to the amendment which the defendants challenged on cross-appeal. Only the claim against Green Construction Co. was added by the late amendment. Because the claim against Green Construction Co. failed on the merits, we need not consider whether the trial court abused its discretion in permitting the amendment.

■ Where the error in the trial court affects only some of the issues, a new trial may properly be limited to the issues affected by the error. *McCarville v. Ream,* 247 Iowa 1, 10–13, 72 N.W.2d 476, 481–82 (1955). Based on our holdings on the various issues, we reverse the judgment in favor of the defendant Khodari-Intergreen Co. on the malicious threat to extort claim and remand the case for a retrial of that issue as to the defendant Khodari-Intergreen Co. only. The judgment is otherwise affirmed on plaintiff's appeal and is affirmed on defendants' cross-appeal.

AFFIRMED IN PART AND REVERSED IN PART ON PLAINTIFF'S AP-

PEAL; AFFIRMED ON DEFENDANTS' APPEAL.