**Phil R. CANIGLIA, as Administrator of the Estate of Clinton DeWayne Lary, Deceased, Appellant,**

v.

**Gary Wayne LARY, Appellee.**

No. 84–1120.

Supreme Court of Iowa.

April 17, 1985.

Daniel B. Stageman of Pogge, Root & Steege, Council Bluffs, for appellant.

Philip Willson of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellee.

Considered by UHLENHOPP, P.J., and McCORMICK, SCHULTZ, CARTER, and WOLLE, JJ.

CARTER, Justice.

Plaintiff, who is the administrator of a deceased child's estate, appeals from district court rulings on adjudication of law points and motion for summary judgment which resulted in dismissal of a damage action by the child's estate against the child's father.

The petition alleges that the plaintiff's decedent who, at the time was four years old, was suffocated in a grain trailer while a grain loading operation was being carried on by the child's father. In the action against the father, the petition alleges negligence in the following particulars:

A. In failing to properly supervise [the decedent].

B. In failing to take proper precautions while conducting a hazardous activity.

C. In failing to inspect the aforementioned grain trailer before pouring the grain into same, and in failing to make sure that decedent or other child could not gain entrance thereto.

D. In allowing a child decedent's age to be near an inherently hazardous activity.

The petition further alleged that defendant's "conduct would be considered negligent even had he not had a duty to supervise decedent."

Defendant filed a motion to adjudicate law points under Iowa Rule of Civil Procedure 105. The motion asks the court to determine on the pleadings as a matter of law that, under this court's decision in *Wagner v. Smith*, 340 N.W.2d 255 (Iowa 1983), the defendant was immune from any liability based upon the claims asserted. The district court sustained defendant's motion based on its determination that the factual similarities between the present case and *Wagner* suggest that the same policy considerations should be applied.

Appellant correctly points out that in *Wagner* we did not consider allegations of negligence other than those asserting that the parent had not acted reasonably within the parent-child relationship. *Wagner* was an interlocutory appeal, and it does not appear whether our ruling with respect to that single allegation of negligence was otherwise dispositive of the litigation.

Our holding in *Wagner* continued to recognize parental immunity for alleged negligent acts "emanating from the parent-child relationship if the act involves an exercise of: (1) parental authority over the child; or (2) parental discretion in respect to the provision of food, clothing, shelter, education, medical and dental services, and other care." 340 N.W.2d at 256. Considering the allegations of plaintiff's petition in the present case, we do not believe that it can be determined on the face of the pleadings that all of the alleged negligent acts were "acts emanating from the parent-child relationship."

The ultimate dismissal of plaintiff's claims came by way of a grant of summary judgment. The motion for summary judgment was not based upon any contention that there were no material issues of disputed fact with respect to the allegations of negligence presented. Rather, the ground of the motion for summary judgment which was sustained by the district court was based entirely on the theory that dismissal was required by the court's previous adjudication of law points under Iowa Rule of Civil Procedure 105.

Procedurally, the present case is similar to *Powell v. Khodari-Intergreen Co.*, 334 N.W.2d 127, 130–31 (Iowa 1983). We held in that case where a motion for directed verdict is based entirely on the legal effect

of a court's prior ruling on a motion for adjudication of law points, the ruling on the law points may be reviewed on appeal from the latter ruling. *Id.* at 130. We also held that where claim is made under rule 105 that a plaintiff is entitled to no relief under the allegations of the petition the test which must be applied "is whether under any state of facts the allegations of the petition support the entitlement to some relief...." If a party is not entitled to all the relief asked for, he or she may be entitled to recover any lesser or different relief which is embraced within the pleadings and supported by the proof." *Id.* at 131.

In application of those principles to the present case, we hold that plaintiff's claims could not properly be resolved against him on the basis of the allegations of his petition. A factual question was presented with respect to whether the claim is based entirely upon alleged negligent acts "emanating from the parent-child relationship." The judgment of the district court is reversed and the cause remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.