# IN THE SUPREME COURT OF IOWA

No. 07–1262

Filed June 26, 2009

**VINNELL GRIFFEN, as Administrator
of the Estate of Blake Jermon, and
VINNELL GRIFFEN, Individually,**

Appellants,

vs.

**STATE OF IOWA,**

Appellee.

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

Appellants challenge district court's dismissal of wrongful death suit. **REVERSED AND REMANDED.**

Pressley Henningsen of Riccolo & Semelroth, P.C., Cedar Rapids, for appellants.

Thomas J. Miller, Attorney General, and Bruce Kempkes, Assistant Attorney General, for appellee.

**STREIT, Justice**.

Ten-year old Blake Jermon nearly drowned in a German swimming pool while participating in University of Northern Iowa's Camp Adventure. He died three years later from complications. His mother, Vinnell Griffen, filed suit against the State of Iowa, both individually and as administrator of Jermon's estate, under the Iowa Tort Claims Act, Iowa Code chapter 669 (2003). The State filed a motion to dismiss, asserting the Iowa Tort Claims Act does not apply to torts that occurred in foreign countries. The district court granted the motion. Because the Iowa Tort Claims act specifically covers torts that "occurred outside of Iowa," we reverse.

## I.  Facts and Prior Proceedings.

University of Northern Iowa (UNI) runs a program called Camp Adventure Youth Services ("Camp Adventure"). UNI sends university students overseas to conduct and supervise summer camps for military children living outside of the United States on military bases. On June 25, 2003, ten-year old Blake Jermon was participating in a Camp Adventure sports program in Hanau, Germany and went to a German municipal swimming pool and almost drowned. Jermon sustained serious injuries as a result of the incident and died three years later during surgery to correct problems related to those injuries.

His mother, Vinnell Griffen, as administrator of her son's estate and individually, brought suit against the State of Iowa under the Iowa Tort Claims Act (ITCA), Iowa Code chapter 669, alleging the State was negligent in failing to administer and manage the Camp Adventure program, failing to properly train and supervise Camp Adventure employees, and failing to properly supervise Jermon. The State filed a motion to dismiss, asserting the ITCA has no extraterritorial

applicability. The district court granted the motion, concluding the ITCA "has no applicability here." Griffen appealed, asserting the district court has jurisdiction for claims occurring outside of Iowa under the ITCA.

## II. Scope of Review.

We review a district court's grant of a motion to dismiss for correction of errors at law. *Comes v. Microsoft Corp.*, 646 N.W.2d 440, 442 (Iowa 2002). "We view the petition in the light most favorable to the plaintiff, and will uphold dismissal only if the plaintiff's claim could not be sustained under any state of facts provable under the petition." *Sanford v. Manternach*, 601 N.W.2d 360, 363 (Iowa 1999).

## III. Merits.

The Iowa Tort Claims Act (ITCA) waives sovereign immunity from tort liability. Iowa Code ch. 669. The act provides "[t]he state shall be liable [for tort claims] in the same manner, and to the same extent as a private individual under like circumstances . . . ." Iowa Code § 669.4. The chapter includes a list of exceptions. Iowa Code § 669.14. Under the venue provision, section 669.4, the ITCA specifically allows for claims by nonresidents when the act occurs outside of Iowa.

> The district court of the state of Iowa for the district in which the plaintiff is resident or in which the act or omission complained of occurred, or where the act or omission occurred *outside of Iowa* and the plaintiff is a nonresident, the Polk county district court has exclusive jurisdiction to hear, determine, and render judgment on any suit or claim as defined in this chapter.

Iowa Code § 669.4 (emphasis added).

The question here is whether the ITCA applies to acts or omissions outside the United States. The State argues there is a presumption against extraterritoriality in all laws enacted, and the ITCA does not contain express language placing claims arising in foreign countries

specifically within its limited waiver of immunity. Griffen argues the language in section 669.4, "where the act or omission occurred outside of Iowa," and the fact that the ITCA does not contain a specific "foreign country exception" as does the Federal Tort Claims Act, indicate the ITCA covers acts that occurred in foreign countries. In granting the State's motion to dismiss, the district court concluded "[i]t was clearly the intent of the Iowa Legislature to provide coverage to individuals injured by negligent acts of Iowa employees within or without the state of Iowa *so long as those injuries occurred within the territorial limits of the United States*."[1] (Emphasis added.) The law is clear on one thing—the waiver of immunity does not stop at the borders of the United States. There is no need to interpret "outside of Iowa" as "outside of Iowa but not in foreign countries."

The legislative history of the ITCA and its subsequent amendments shed light on the applicability of the ITCA beyond the borders of Iowa. Enacted in 1965, the ITCA "was lifted . . . from the Federal Tort Claims Act" (FTCA).[2] *Jones v. Iowa State Hwy. Comm'n*, 207 N.W.2d 1, 4 (Iowa 1973); 28 U.S.C. §§ 1346(b), 2671–2680 (2006). The first four subsections of section 669.14 (exceptions to the waiver of immunity) of the ITCA are almost identical to subsections (a), (c), (f), and (h) of section 2680 of the FTCA. *Compare* Iowa Code § 669.14, *with* 28 U.S.C. § 2680. However, the FTCA contains express language limiting the waiver of immunity to claims arising in the United States. 28 U.S.C. § 2680(k) ("The provisions of this chapter . . . shall not apply to . . . [a]ny claim

---

[1]The State would interpret the ITCA as applying only "from California to the New York Island, from the redwood forest to the gulf stream waters." Woody Guthrie, This Land is Your Land (1944).

[2]The ITCA was originally codified in chapter 25A. *See* Iowa Code ch. 25A (1966). In 1993, the ITCA was transferred to chapter 669. *See id.* ch. 669 (1993).

arising in a foreign country."). The ITCA contains no such similar provision. If the Iowa legislature had intended to include a foreign country exception, it could have done so expressly. *See, e.g.,* Haw. Rev. Stat. § 662–15(6) (2008) ("This chapter shall not apply to . . . [a]ny claim arising in a foreign country . . . .").

In 1969, the legislature amended section 25A.4, now section 669.4, to include the language "or where the act or omission occurred *outside of Iowa* and the plaintiff is a nonresident." 1969 Iowa Acts ch. 81, § 3(1) (emphasis added). The section originally provided "[t]he district court of the state of Iowa for the district in which the plaintiff is a resident *or in which the act or omission complained of occurred* . . . shall have exclusive jurisdiction to hear, determine, and render judgment . . . ." 1965 Iowa Acts ch. 79, § 4 (codified at Iowa Code § 25A.4 (1966) (emphasis added)). Senate file 376 explains the purpose of the 1969 amendment:

> [The] section . . . presently precludes a potential nonresident plaintiff from bringing a suit under [this] chapter . . . where the act or omission complained of occurs outside the State of Iowa. There is no rational basis for this preclusion and the Polk County District Court seems the most logical district, venue-wise, for such actions.

S.F. 376, 63rd G.A., 1st. Sess. Explanation (Iowa 1969). The legislature's intention to apply the ITCA beyond the borders of Iowa is clear.

In determining the ITCA does not apply to acts or omissions occurring in foreign countries, the district court relied on *Sosa v. Alvarez-Machain,* 542 U.S. 692, 124 S. Ct. 2739, 159 L. Ed. 2d 718 (2004). Such reliance is misplaced. In *Sosa,* Alvarez, a Mexican citizen, allegedly tortured and murdered a DEA agent in Mexico. *Sosa,* 542 U.S. at 697–98, 124 S. Ct. at 2746–47, 159 L. Ed. 2d at 732–33. The United States hired Sosa and other Mexican citizens to kidnap Alvarez and bring him to the United States to stand trial for the DEA agent's death. *Id.* After

being acquitted, Alvarez brought suit against the United States under the FTCA. *Id.* at 698, 124 S. Ct. at 2747, 159 L. Ed. 2d at 733. The Supreme Court determined the FTCA foreign country exception barred the claim. *Id.* at 711–12, 124 S. Ct. at 2754, 159 L. Ed. 2d at 740–41. Although the Court bolsters its holding with a rejection of the "headquarters doctrine," (that negligent behavior in the United States causing the foreign harm or injury could be the tort), and discusses the complexity of choice of law if claims for torts occurring in foreign countries were permissible, ultimately the fact that the FTCA explicitly bars "[a]ny claim arising in a foreign country" led the Supreme Court to its ruling. *Id.* at 710–11, 124 S. Ct. at 2753–54, 159 L. Ed. 2d at 740–41. The rationale in *Sosa* is thus not applicable to the ITCA.

Contrary to the State's assertion, it is not necessary for a statute to contain express language indicating applicability to foreign countries specifically if the statute clearly indicates it should apply "outside of Iowa." The State argues the absence of express language regarding foreign applicability establishes a legislative intent against including claims arising in foreign countries. In general, "a statute of one state has no extraterritorial effect beyond its borders." *Powell v. Khodari-Intergreen Co.,* 334 N.W.2d 127, 131 (Iowa 1983). As we have stated,

> Unless the intention to have a statute operate beyond the limits of the state or country is clearly expressed or indicated by its language, purpose, subject matter, or history, no legislation is presumed to be intended to operate outside the territorial jurisdiction of the state or country enacting it. To the contrary, the presumption is that the statute is intended to have no extraterritorial effect, but to apply only within the territorial jurisdiction of the state or country enacting it.

*State Sur. Co. v. Lensing,* 249 N.W.2d 608, 611 (Iowa 1977) (quoting 73 Am. Jur. 2d *Statutes* § 359, at 492 (1974)).

Although our legislature has drafted statutes that expressly apply to foreign countries,[3] the ITCA does contain express language indicating an intention to have the ITCA apply beyond the borders of Iowa: "where the act or omission occurred *outside of Iowa* and the plaintiff is a nonresident, the Polk county district court has exclusive jurisdiction to hear, determine, and render judgment on any suit or claim as defined in this chapter." Iowa Code § 669.4 (emphasis added). Even though this provision relates to venue, it does indicate the legislature intended the ITCA to apply to torts committed by the State of Iowa or its agents both inside Iowa and outside Iowa. *Id.*

The plain language of the statute is clear; the ITCA applies to claims "outside of Iowa."[4] Iowa Code § 669.4. "When the language of a statute is plain and its meaning clear, the rules of statutory construction do not permit us to search for meaning beyond the statute's express terms." *Rock v. Warhank*, 757 N.W.2d 670, 673 (Iowa 2008). Interpreting "outside of Iowa" to mean "outside of Iowa but not outside

---

[3]*See, e.g.,* Iowa Code § 96.19(18)(*b*)(3) (2009) ("employment" for purposes of unemployment compensation shall include service "performed outside the United States . . . by a citizen of the United States in the employ of an American employer"); *id.* § 326.2(9) (" 'Jurisdiction' means any county, state, territory, federal district, foreign country, or political subdivision thereof."); *id.* § 598B.105 (Under the Uniform Child-Custody Jurisdiction and Enforcement Act, "[a] court of this state shall treat a foreign country as if it were a state of the United States for the purpose of applying this article . . . .").

[4]The State argues that the fact that Iowa Code section 669.21 does not mention foreign countries indicates the legislature did not intend the ITCA to apply to torts occurring in foreign countries. We disagree. Section 669.21 requires the state to "defend any employee, and . . . indemnify and hold harmless an employee against any claim as defined in section 669.2, subsection 3, paragraph '*b*', including claims arising under the Constitution, statutes, or rules of the United States or of any state." Iowa Code § 669.21. This section, which simply requires the state to defend and indemnify an employee named in a suit for acts or omissions during the scope of his or her employment, is not meant to be a limitation on the waiver of sovereign immunity or the scope of the entire ITCA. *See* 1977 Iowa Acts ch. 45, § 1 (codified at Iowa Code § 25A.21 (1979)). The State's reliance on this section is misplaced.

the United States" is absurd. We see no reason to differentiate between a tort committed in Minnesota and a tort committed in Canada.

Further, we have permitted nonresidents to sue residents in Iowa courts for torts committed in other countries. *See Powell*, 334 N.W.2d at 131 (remanding case for trial on claim of malicious threat to extort occurring in Saudi Arabia); *Zabron v. Cunard S.S. Co.*, 151 Iowa 345, 131 N.W. 18 (1911) (reversing jury award for emotional distress resulting from defendant's negligence in failing to forward ticket in timely manner to Russia). As the ITCA provides "[t]he state shall be liable [for tort claims] in the same manner, and to the same extent as a private individual under like circumstances," we see no need to judicially create a foreign country exception.[5] Iowa Code § 669.4.

As the ITCA expressly permits claims "where the act or omission occurred *outside of Iowa*," the district court erred in granting the State's motion to dismiss. *Id.* (emphasis added).

**IV. Conclusion.**

The district court erred when it granted the State's motion to dismiss. The ITCA expressly allows claims for torts committed outside of Iowa, including foreign countries. We reverse the district court's judgment and remand this case for further proceedings.

**REVERSED AND REMANDED.**

All justices concur except Wiggins and Baker, JJ., who take no part.

---

[5]The State's contention concerning the exception to the waiver of immunity for swimming pools inspected by the state is unrelated to anything in this action. *See* Iowa Code § 669.14(13).