# IN THE COURT OF APPEALS OF IOWA

No. 17-0656
Filed January 10, 2018

**RANDLE S. JENSEN,**
    Plaintiff-Appellant,

**vs.**

**CHAMPION WINDOW OF OMAHA, L.L.C.,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

A former employee appeals the district court's summary judgment ruling and argues the court erred in applying Nebraska law to this dispute. **AFFIRMED.**

Terry A. White of Carlson & Burnett, LLP, Omaha, Nebraska, for appellant.

Kenneth M. Wentz III and Sarah J. Millsap of Jackson Lewis, P.C., Omaha, Nebraska, for appellee.

Considered by Vogel, P.J., and Tabor and Bower, JJ.

**VOGEL, Presiding Judge.**

Randle Jensen was fired from his job with Champion Window of Omaha, L.L.C., in August 2013. In February 2016, he filed a lawsuit against Champion in Iowa alleging he was wrongfully discharged when he refused to sign a lead certification form for an Iowa construction project. Champion filed a motion to dismiss the claim, which the district court granted based on the court's conclusion that Nebraska law applied to the dispute. Jensen appeals claiming the court erred in applying Nebraska law and that Iowa law should be applicable to his claim. Because we conclude the district court correctly applied Nebraska law to this dispute, we affirm the district court's dismissal of Jensen's lawsuit.

## I. Background Facts and Proceedings.

After Jensen was fired from employment, he filed a lawsuit against Champion in Nebraska Federal District Court. That action was dismissed following Champion's motion for summary judgment. The federal court concluded the federal claims had no merit and then decided to decline to exercise supplemental jurisdiction over the state-law claims. Jensen then filed petitions against Champion in both the state court in Nebraska, and in the Iowa District Court in Polk County.

Jensen's Nebraska state lawsuit was dismissed following Champion's motion to dismiss after that court concluded the law Jensen cited to support his claims did not contain a private right of action, his newly asserted claims were precluded by the federal district court's dismissal, and the claims were otherwise time barred. This dismissal was upheld on appeal by the Nebraska Court of Appeals. *Jensen v. Champion Window of Omaha, LLC*, 900 N.W.2d 590, 592

(Neb. Ct. App. 2017) (addressing Jensen's challenge to the lower court's conclusion that his newly asserted claims were barred by issue preclusion).

With respect to the litigation in Iowa, Champion filed a motion to dismiss in July 2016, asserting there is no private right of action under the law Jensen cited for his retaliation claims and the Nebraska federal court's dismissal precluded the retaliation claims and the wrongful discharge claim. The court granted in part Champion's motion, concluding there was no private right of action under the law Jensen cited in support of his retaliation claims but determining his wrongful discharge claim was not precluded by the federal court's dismissal.

Champion then filed a second motion to dismiss, asserting Nebraska law applied to the parties' employment relationship and as a result, Jensen's petition, which alleged only wrongful discharge under Iowa law, failed to state a claim upon which relief could be granted. After a hearing, the district court granted Champion's second motion to dismiss, concluding Nebraska law applied because "[e]very aspect of Jensen's relationship with Champion occurred in Nebraska. Jensen is a Nebraska resident. Champion is a Nebraska company. Champion hired Jensen in Nebraska. Jensen worked primarily in Nebraska." The court went on to find: "Iowa does not have the most significant relationship to the events giving rise to Jensen's complaint . . . . Iowa law cannot govern the employment relationship between a foreign company that performs minimal . . . work in Iowa, and its employee, a citizen of a foreign state, who has no ties to Iowa." Jensen appeals the court's dismissal of his petition.

## II. Scope and Standard of Review.

Our review of the district court's ruling on a motion to dismiss is for the correction of errors at law. *Griffen v. State*, 767 N.W.2d 633, 634 (Iowa 2009). "We view the petition in the light most favorable to the plaintiff and will uphold dismissal only if the plaintiff's claim could not be sustained under any state of facts provable under the petition." *Id.* (citation omitted).

## III. Choice of Law.

Jensen asserts the court erred in relying on the contract choice-of-law rules when determining which state's law applied to this case. He argues his claim of wrongful discharge arises from tort, and therefore, the court was required to apply the tort choice-of-law rules, which he claims result in the application of Iowa law.

In support of its ruling, the district court cited the case of *Helfer v. Corona Products*, 127 F.2d 612, 622 (8th Cir. 1942), which determined the law of the state where a contract was executed governed the dispute between an employer and a sales agent. The court also cited the Restatement (Second) of Conflict of Laws section 196 (Am. Law Inst. 1971), which provides the law of the state where a contract requires services to be rendered applies to disputes regarding the validity of the contract unless some other state has a more significant relationship to the transaction and the parties. We agree both citations apply to actions involving contract disputes and do not refer to common law tort actions such as wrongful discharge. *See Jasper v. H. Nizam, Inc.*, 764 N.W.2d 751, 761 (Iowa 2009) (noting Iowa has long recognized the tort of wrongful discharge as an exception to the employment-at-will doctrine).

Even assuming the tort conflict-of-law rules govern in this matter as Jensen alleges, we still determine Nebraska law is applicable to Jensen's claim. Under the Restatement (Second) of Conflict of Laws section 145(1) (Am. Law Inst. 1971), "[t]he rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6." *See Cameron v. Hardisty*, 407 N.W.2d 595, 597 (Iowa 1987) (noting "Iowa has adopted the 'modern' choice of law rules" contained in Restatement (Second) of Conflict of Laws § 145 (Am. Law Inst. 1971)). When determining which state has the most significant relationship to the occurrence and the parties, the court is to consider the following contacts:

> (a) the place where the injury occurred,
> (b) the place where the conduct causing the injury occurred,
> (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
> (d) the place where the relationship, if any, between the parties is centered.

Restatement (Second) of Conflict of Laws § 145(2) (Am. Law Inst. 1971). These contacts are to be considered under the principles in section 6, which provides:

> [T]he factors relevant to the choice of the applicable rule of law include
> (a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> (d) the protection of justified expectations,
> (e) the basic policies underlying the particular field of law,
> (f) certainty, predictability and uniformity of result, and
> (g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6(2) (Am. Law Inst. 1971).

Here, Jensen identifies only one contact with Iowa—prior to his termination, he was asked to certify the lead testing for a project in Iowa that Champion completed. However, Jensen admitted in his petition that he had "never worked on, visited or tested" that project in Iowa. The request for Jensen to sign the certification was made in Nebraska. Contrary to this single contact, the pertinent contacts from section 145 and section 6 for Jensen's wrongful discharge claim focus solely on Nebraska.

Under section 145, the injury—the loss of Jensen's job—occurred in Nebraska. The location of the conduct causing the injury also occurred in Nebraska—according to Jensen's petition, he was asked to sign a falsified lead certification in Nebraska and he was fired from his job in Nebraska. Jensen's domicile is Nebraska, and Champion Window of Omaha is incorporated in Nebraska with a principle place of business there. The employment relationship between Jensen and Champion is also centered in Nebraska, where Jensen did most of his work for the company.

Under section 6, we do not see that the needs of the interstate or international systems are implicated in this case. The relevant policies of Nebraska in controlling the employer/employee relationships of its citizens outweigh the policy interest of Iowa in ensuring proper lead abatement procedures are followed. Neither party had any justified expectations in applying Iowa law, and there do not appear to be any policies underlying wrongful discharge that need to be addressed by the application of Iowa law. The certainty, predictability, and uniformity of result favors applying Nebraska law in light of the fact the employment

relationship was centered in that state. And finally, there is no issue regarding the ease with which the law of either forum could be determined and applied.

Thus, even assuming the district court applied the incorrect choice-of-law rules to Champion's motion to dismiss, we still conclude under the tort choice-of-law rules Nebraska law applies to Jensen's wrongful discharge claim. Because Nebraska law applies, the district court was correct to conclude this action must be dismissed as Jensen only pled a cause of action for wrongful discharge under Iowa common law.

**AFFIRMED.**