**Carol Ann Moore HARRIS, Administratrix of the Estate of Clyde Horton Harris, Plaintiff-Movant,**

v.

**CLINTON CORN PROCESSING COMPANY, Defendant.**

**No. 84–406.**

Supreme Court of Iowa.

Jan. 16, 1985.

Charles D. Williams, Robert J. Walker, and E. Clifton Knowles, Nashville, Tenn., and Gary M. Lane of Berger & Lane, Davenport, for plaintiff-movant.

Larry L. Shepler and Vicki L. Seeck of Betty, Neuman, McMahon, Hellstrom & Bittner, Davenport, for defendant.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, McGIVERIN, and SCHULTZ, JJ.

McCORMICK, Justice.

In this case we answer a question certified to us pursuant to Iowa Code chapter 684A (1983) by Chief Judge W.C. Stuart of the United States District Court, Southern District of Iowa. The question is as follows:

Is a wrongful death action brought in Iowa governed by Iowa Code § 614.1(2) or by Tenn.Code Ann. § 28–3–202, where:

(1) the action would be time-barred under the Tennessee provision but not under the Iowa provision;

(2) Iowa's "borrowing statute," Iowa Code § 614.7, is inapplicable; and

(3) Tennessee substantive law governs the merits of the case?

We respond that in the certified facts the action is governed by the Tennessee statute of limitations.

Iowa Code section 614.1 (1983) provides in material part:

Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

.    .    .    .    .

2. ... Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract·or tort, or for a statute penalty, within two years.

Tennessee Code Annotated section 28–3–202 (1980) provides in material part:

All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, ... for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, construction of, ... in connection with such an improvement [to real property] within four (4) years

after substantial completion of such an [improvement].

The certified facts are as follows:

Claude Harris, a Tennessee resident, was fatally injured in an explosion that occurred in Tennessee on December 22, 1980, while he was repairing a leak in a supply line used by his employer to transport corn syrup from a railroad tank line to a storage tank. Clinton Corn Processing Company (Clinton) had designed and constructed the corn syrup supply system in 1975. Plaintiff brought a wrongful death action against Clinton and several other defendants in a Tennessee federal district court, alleging negligence and strict liability. Defendant Clinton moved for summary judgment on the basis of Tenn.Code Ann. § 28–3–202.... The Tennessee federal court granted Clinton's motion, holding: (1) that the corn syrup supply system was an "improvement to real property" within the meaning of the statute; (2) that the statute barred plaintiff's action against Clinton; and (3) that the statute was not unconstitutional. The court subsequently amended its ruling to reflect that the dismissal of Clinton was based on application of the specific statute of limitation set forth in Tenn.Code Ann. § 28–3–202 and was not an adjudication on the merits within the contemplation of Fed.R.Civ.P. 41.

Thereafter, on December 14, 1982, plaintiff brought this action in United States District Court for the Southern District of Iowa against defendant Clinton, which again moved for summary judgment on the basis of Tenn.Code Ann. § 28–3–202. That motion is presently pending before this Court. The parties agree that under Iowa choice of law rules, the substantive law of Tennessee would apply to the merits of plaintiff's claims if the action is not time-barred. It is also undisputed that this action would not be time-barred under Iowa Code § 614.1(2). The question before the Court is whether, under Iowa choice of law rules, the Court should apply Tenn.

Code Ann. § 28–3–202 or Iowa Code § 614.1(2) to this action.

Judge Stuart provided a helpful analysis of the question:

Because this is a diversity case, this Court must apply the conflict of law rules of the forum state, Iowa. *Klaxon v. Stentor Electrical Mfg. Co.*, 313 U.S. 487, [61 S.Ct. 1020, 85 L.Ed. 1477] (1941). Iowa follows the rule that

where the incident giving rise to a cause of action occurs in a foreign state, the rights and liabilities of the parties must be determined by the foreign state's laws in whatever court the action is brought, but that procedural matters and matters pertaining to the remedy to be applied must be determined by the law of the forum.

*Brooks v. Engel*, 207 N.W.2d 110, 113 (Iowa 1973); *see also Fabricius v. Horgen*, 257 Iowa 268, 132 N.W.2d 410 (1965). In this case, the incident which gave rise to defendant's alleged liability occurred in Tennessee, and the parties agree that the substantive law of Tennessee would therefore apply.

Because statutes of limitation are usually viewed as being procedural rather than substantive, Iowa courts generally apply the Iowa statutes of limitation regardless of which state's substantive law will govern the case. *Sedco International, S.A. v. Cory*, 522 F.Supp. 254, 315 (S.D.Iowa 1981), *aff'd*, 683 F.2d 1201 (8th Cir.1982), *cert. denied* [459] U.S. [1017], 103 S.Ct. 379 [74 L.Ed.2d 512] (1982); *Williams v. Burnside*, 207 Iowa 239, [243–44], 222 N.W. 413, 415 (1928). This approach is consistent with the general rule set forth in *Restatement (Second) of Conflict of Laws* § 142 (1971), which provides:

(1) An action will not be maintained if it is barred by the statute of limitations of the forum, including a provision borrowing the statute of limitations of another state.

(2) An action will be maintained if it is not barred by the statute of limitations of the forum, even though it would be barred by the statute of limitations of another state, except as stated in § 143.

In the present case, it is undisputed that this action would be barred under Tenn.Code Ann. § 28–3–202, but would not be barred under Iowa Code § 614.-1(2). Thus the rule stated in subdivision (2) of *Restatement* § 142 is the one which would normally apply here. It is noted, however, that this subdivision refers to an exception which is set forth at § 143 of the *Restatement*, as follows: "An action will not be entertained in another state if it is barred in the state of [the] otherwise applicable law by a statute of limitations which bars the right and not merely the remedy." *Restatement, supra*, § 143. This exception has been widely recognized in other jurisdictions. *E.g., Bournias v. Atlantic Maritime Co.*, 220 F.2d 152, 155 (2d Cir. 1955) ("where the foreign statute of limitations is regarded as barring the foreign right sued upon, and not merely the remedy, it will be treated as conditioning that right and will be enforced by our courts as part of the foreign 'substantive' law."); *Cummings v. Cowan*, 390 F.Supp. 1251, 1255 (N.D.Miss.1975) (Mississippi law). No Iowa case has been found, however, in which the foregoing exception has been applied, rejected or even discussed. Nevertheless, given the widespread acceptance of the exception and the Iowa Supreme Court's favorable reference of *Restatement* principles on other choice of law issues, *see, e.g., Brooks, supra*, 207 N.W.2d at 113; *Fabricius, supra*, 257 Iowa at [243], 132 N.W.2d at 414, it seems likely that the Iowa court would adopt the exception set forth in § 143.

Assuming that Iowa would adopt the § 143 exception, the question becomes whether the Iowa Supreme Court would characterize Tenn.Code Ann. § 28–3–202 as barring the right upon which plaintiff seeks to sue, or merely the remedy. As noted in Comment (b) to *Restatement* § 143, "the forum will determine in accordance with *its own conceptions*

whether a statute of limitations of a second state bars the right and not merely the remedy." (Emphasis added.)

The Tennessee statue in question here provides that all actions to recover damages against certain persons for certain deficiencies in improvements to real property must be brought within four years after substantial completion of the improvement; thus, its time limitation does not begin to run when the plaintiff's cause of action accrues, as does an ordinary statute of limitation. To this Court's knowledge, the only similar statute which has existed in Iowa is the present Iowa Code § 614.1(9), which provides that, with one exception, no medical malpractice action shall be brought more than six years after the date of the alleged causative act or omission of the defendant. The Court is aware of no Iowa case which has construed this relatively recent statute. Nor is the Court aware of any case in which the Iowa court has discussed such a statute from another jurisdiction in a manner that would have any bearing on the right/remedy distinction.

Because there appears to be no Iowa case law to aid in determining how the Iowa courts would characterize Tenn. Code Ann. § 28–3–202, the case law of other jurisdictions may be helpful in predicting how the Iowa Supreme Court would rule if faced with the issue. Probably the most useful case in this regard is *President and Directors of Georgetown College v. Madden*, 505 F.Supp. 557 (D.Md.1980), *aff'd in pertinent part*, 660 F.2d 91 (4th Cir.1981). In *Madden*, District of Columbia plaintiffs brought suit in Maryland to recover damages in connection with the allegedly improper construction of a building in the District of Columbia. Both Maryland and the District of Columbia had statutes similar to Tenn.Code Ann. § 28–3–202, which barred such actions if they did not accrue within a set period of time running from the date of completion of the improvement; however, a choice of law question arose because the time periods of the two

statutes were different, and the claim would have been barred under the District of Columbia statute but not under the Maryland statute. The *Madden* court noted that a Maryland appellate court had characterized Maryland's own statute as being in reality a grant of immunity (even though drafted in the form of a statute of limitation), and reasoned that the Maryland courts would probably characterize the District of Columbia's statute in the same way. 505 F.Supp. at 571–72. Therefore, because immunity from suit is considered substantive law for choice of law purposes, *id.* at 574, it was concluded that the Maryland courts would apply the District of Columbia's statute rather than that of the forum.

In the course of its opinion, the *Madden* court noted: "Though no court appears to have considered any similar statutes in a choice of law setting, such statutes have been construed by courts in various other contexts. All but one court has held such similar statutes to be substantive law." *Id.* at 573 (footnote omitted). Eight cases construing such statutes as substantive are cited in the district court opinion in *Madden*, 505 F.Supp. at 573–74 and n. 29, and a ninth is cited in the Fourth Circuit's affirming opinion, 660 F.2d at 94. The only case cited in either opinion as holding to the contrary is *Regents of the University of California v. Hartford Accident and Indemnity Co.*, 21 Cal.3d 624, 581 P.2d 197, [147 Cal.Rptr. 486] (1978) ....

.     .     .     .     .

It thus appears to this Court that there is a split of authority as to whether a statute of the Tennessee variety should be characterized as substantive or procedural, i.e., as barring the right and not merely the remedy. Moreover, none of the cases which have considered statutes of the Tennessee variety have done so in a choice of law context. In addition, it is possible that the Iowa Supreme Court would choose to adopt the unique approach of the New Jersey Supreme Court

in *Heavner v. Uniroyal, Inc.,* 63 N.J. 130, 305 A.2d 412 (1973), which holds that the statute of limitation of the state of otherwise applicable law should be applied when the forum has no substantial interest in the matter, regardless of whether the foreign statute of limitations is viewed as substantive or procedural. We believe this analysis accurately shows the current state of the law and the choices that confront us.

▮ The first choice is whether we will adopt the *Restatement* exception to our rule that Iowa statutes of limitations will govern actions brought in this state even when the action would be barred by the statute of limitations in the state whose substantive law applies. *See Restatement (Second) of Conflict of Laws* § 143 at 400 (1971) ("An action will not be entertained in another state if it is barred in the state of the otherwise applicable law by a statute of limitations which bars the right and not merely the remedy."). The exception arose from dissatisfaction with classifying statutes of limitations as procedural for choice of law purposes. The general rule that the forum will apply its own procedural law is based on a desire to permit local lawyers and judges to employ evidentiary and procedural rules they are familiar with, despite the possibility that litigants will shop around for a forum in which the procedural law is favorable. The rationale for the general rule is weakened when statutes of limitations are involved because they can be readily identified and applied. Furthermore the risk of forum-shopping is enhanced when the action would be barred by the statute of limitations in the state whose substantive law is applicable. Courts therefore devised the exception recognized in *Restatement* section 143. *See Bournias v. Atlantic Maritime Co.,* 220 F.2d 152, 154–55 (2d Cir.1955); *Heavner v. Uniroyal, Inc.,* 63 N.J. 130, 135–42, 305 A.2d 412, 415–18 (1973). We believe the *Restatement* exception is sound and adopt it for Iowa.

▮ Our second choice concerns whether the Tennessee statute of limitations should

be characterized as barring the right and not merely the remedy for purposes of applying the *Restatement* exception. A *Restatement* comment points out that the forum state "will determine in accordance with its own conceptions whether a statute of limitations of a second state bars the right and not merely the remedy." *Restatement (Second) of Conflict of Laws* § 143, comment *b* at 400 (1971). Usually the liability sought to be enforced must be statutory. Then the test is whether the statute has attributes that the forum would characterize as qualifications of the right or substantive in nature.

> The most common illustration of a situation where a statute of limitations will usually be held to bar the right is when a statute creates but a single right of action and also contains a provision limiting the time in which actions under the statute may be brought. Wrongful death statutes are typical examples of statutes of this sort.

*Id.,* comment *c* at 400–01.

The Tennessee statute fixes a four-year period after completion of certain improvements to real estate within which an action for injury or death must be brought. The period runs without regard to when the injury or death occurs. It is plainly a limitation on the right to bring an action under the Tennessee wrongful death statute. As Judge Stuart pointed out, most courts that have addressed the issue have characterized similar statutes as substantive. This is because the statutes operate as a grant of immunity to the protected persons upon the passing of the statutory period without regard to when an otherwise actionable injury might occur. *See President and Directors of Georgetown College v. Madden,* 505 F.Supp. 557, 571–75 (D.Md.1980), *aff'd in pertinent part,* 660 F.2d 91 (4th Cir. 1981). In contrast an ordinary statute of limitations like section 614.1(2) starts to run only after the cause of action accrues and never bars it from arising. *See Burns v. Burns,* 233 Iowa 1092, 1094, 11 N.W.2d 461, 462–63 (1943).

This court has held non-claim statutes which impose notice of claim as a condition precedent to the enforcement of a right are limitations on the right and not merely the remedy. *See, e.g., Chicago & Northwestern Railway Co. v. City of Osage,* 176 N.W.2d 788, 791 (Iowa 1970). A stronger case for the distinction exists in the present situation when the mere passage of time can keep the right from ever arising.

We find that the Tennessee statute of limitations has substantive attributes. It bars the right and not merely the remedy within the meaning of the *Restatement* exception. Therefore Tennessee Code Annotated section 28–3–202 (1980) governs in the present case.

CERTIFIED QUESTION ANSWERED.