Herman **GOETZ** and Sylvia
Goetz, Appellants,

v.

**WELLS FORD MERCURY, INC.,** and
Linda Weringa, Appellees.

No. 85–1253.

Supreme Court of Iowa.

May 13, 1987.

Scott D. Brown of Brown, Kinsey & Funkhouser, Mason City, for appellants.

Claire F. Carlson of Kersten, Opheim & Carlson, Fort Dodge, for appellees.

Considered by REYNOLDSON, C.J., and HARRIS, SCHULTZ, CARTER, and NEUMAN, JJ.

HARRIS, Justice.

At issue in this interlocutory appeal from an adjudication of law points is the applicability of Minnesota statutes governing the transfer of automobiles. A vehicle sold in Minnesota to defendant Linda Weringa was later involved in an accident in Iowa. Plaintiffs were walking along the side of the street in Ledyard, Iowa, when defendant Weringa struck them. This suit for personal injuries resulted.

Joined as defendant with Weringa was Wells Ford Mercury, Inc. (Wells Ford), the dealership at Wells, Minnesota, from which she had purchased the car. The suit against Weringa is not involved in this appeal.

The claim against Wells Ford is based on a theory of vicarious liability. It is alleged that Wells Ford failed to comply with certain Minnesota statutory requirements for the transfer of automobiles and hence remained responsible as owner at the time of the accident. The trial court rejected these theories and, on somewhat different grounds, so do we.

Weringa, an Iowa resident, purchased the car in Minnesota about three weeks

before the accident. Plaintiffs' petition alleged noncompliance with four Minnesota statutes:

(1) Minnesota Statute section 168A.11 requires a dealer to promptly execute an assignment and warranty of title (with certain specified information).

(2) Minnesota Statute section 168.15 requires, under certain circumstances, for the removal of Minnesota plates and registration certificate upon transfer of ownership.

(3) Minnesota Statute section 168.091 requires the issuance of a permit when a motor vehicle is sold to a nonresident.

(4) Minnesota Statute section 65B.48 requires motorists to carry liability insurance or a plan of reparation security.

Wells Ford answered, claiming these statutes were inapplicable. Thereafter plaintiffs moved under Iowa rule of civil procedure 105, for an order adjudicating that the four statutes were applicable. According to plaintiffs' argument the transfer from the dealer was ineffective, leaving the dealer as the owner still accountable for the vehicle when it struck the plaintiffs.

■ I. The Minnesota statutes in question apparently were made of record in accordance with Iowa Code section 622.59 (1987). There is some question, however, whether Minnesota case law was proven in accordance with Iowa Code section 622.61. *See Iowa Kemper Ins. Co. v. Cunningham*, 305 N.W.2d 467, 469 (Iowa 1981) (foreign case law must be established by stipulation or as part of the evidence). Any failure in proving Minnesota case law will not affect this appeal because Minnesota law does not apply.

We agree with the trial court in believing that three of the four cited statutes would be inapplicable in any event.[1]

II. The trial court found that defendant Wells Ford did not comply with section 168.11(1). Although the trial court felt compliance was required in the sale to Weringa, it declined[2] to hold whether the failure would trigger vicarious liability under Iowa Code section 321.493. Vicarious liability is often claimed against the seller of an automobile who has not completed transfer papers at the time of an accident. We have established our own rule under the second unnumbered paragraph of Iowa Code section 321.493 which expressly exempts former car owners who have made a bona fide sale of the vehicle. *See Griffith v. Farm & City Ins. Co.*, 324 N.W.2d 327, 330 (Iowa 1982); *State Farm Mut. Auto. Ins. Co. v. Wyant*, 191 N.W.2d 689, 692 (Iowa 1971) (liability ordinarily attaches to buyer, not seller, if accident occurs before title certificate is assigned).

Any rule on the same question which may have been established in Minnesota cannot be used in this suit. The question of whether to apply Minnesota or Iowa law turns on which of the two states has the more significant relationship to the controversy. *Zeman v. Canton State Bank*, 211 N.W.2d 346, 348–49 (Iowa 1973); *Fuerste v. Bemis*, 156 N.W.2d 831, 833 (Iowa 1968); Restatement (Second) Conflict of Laws § 145, at 414 (1971).

■ Minnesota's only relationship with the matter at hand is that the sale of the vehicle occurred there. All other points involved have to do with Iowa. The alleged tortious conduct occurred here. The injuries occurred here, the plaintiffs are Iowa residents, as is defendant driver. The trial will be here and any judgment will be entered and enforced here. Wells Ford cannot be responsible by reason of its failure to comply with the transfer of motor vehicle statutes in Minnesota.

---

1. Minnesota Statute section 168A.03 provides: "No certificate of title need be obtained for ... a vehicle owned by a non-resident and not required to be registered in [Minnesota]." This provision renders two of the sections inapplicable. Minnesota Statute section 168.15 imposes duties on Minnesota dealers regarding vehicle registration, but only registrations in Minnesota.

2. The court determined the question could not be resolved because "there are neither uncontested pleadings nor stipulated facts that indicate the content and scope of the purchase agreement between defendant Wells Ford and Weringa."

The judgment of the trial court is affirmed in part, reversed in part, and the case remanded for further proceedings not inconsistent with this opinion. Tax costs on appeal to the appellant.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.