**Marjorie Anne CAMERON, Plaintiff,**

v.

**Larry E. HARDISTY and Wenger Truck Line, Inc., Defendants-Movants.**

**No. 86–1307.**

Supreme Court of Iowa.

June 17, 1987.

Richard G. Langdon and Richard N. Winders of Herrick, Langdon & Langdon, Des Moines, for defendants-movants.

Jerome A. Ritter and Jeffrey J. Fenske of Ritter & Rolshouse, St. Paul, Minn., for plaintiff.

Considered by REYNOLDSON, C.J., and McGIVERIN, WOLLE, LAVORATO, and NEUMAN, JJ.

NEUMAN, Justice.

The United States District Court for the Southern District of Iowa has suggested by way of a certified question that we re-examine the vitality of our general rule that the local law of the forum determines whether an action is barred by the statute of limitations. Given the facts and legal issue posed by the question before us, we are convinced that our approach has not outlived its usefulness.

The certified facts are as follows:

On July 15, 1981, in Seward County, Nebraska, a vehicle driven by plaintiff Marjorie Ann Cameron, a citizen of Minnesota, collided with a vehicle driven by defendant Larry E. Hardisty, a citizen of Iowa. At the time of the accident, defendant Hardisty was acting in the scope of his employment with defendant Wenger Truck Line, Inc., an Iowa corporation. As a result of the accident, plaintiff was injured.

Plaintiff commenced this action on July 15, 1985, four years to the day after the accident. Defendants filed a motion for judgment on the pleadings, contending that under Iowa law statutes of limitations are viewed as procedural and, consequently, plaintiff's claim is barred by the two-year limitations period of Iowa Code section 614.1(2). Plaintiff, on the other hand, argues that the Iowa Supreme Court would now hold statutes of limitation to be substantive, rather than procedural. If so, plaintiff asserts, Nebraska's four-year statute of limitations (Neb. Code § 25–207) should be applied because Nebraska is the state with the most substantial interest in the outcome of the case.

We are asked to respond to the following question of law:

Which state's law provides the statute of limitations applicable to a negligence action brought by a Minnesota resident in Iowa against defendants for personal injuries resulting from an automobile accident which occurred in Nebraska when:

1. The action would be time-barred under Iowa Code § 614.1(2) but not under the statute of limitations of Nebraska; and

2. The Iowa borrowing statute does not apply?

Several very fundamental principles of law and fact narrow our analysis of the issue before us. Factually, it is undisputed that plaintiff's action could legitimately have been commenced in Nebraska, the site of the collision, in order to take advantage of its more liberal, four-year limitation. With Iowa as the chosen forum, however, the federal court is bound to apply our choice of law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Iowa's choice of law rule, with two exceptions, requires the application of local law to matters of procedure. *Brooks v. Engel*, 207 N.W.2d 110, 113 (Iowa 1973). We have traditionally viewed statutes of limitation as being procedural rather than substantive. *Harris v. Clinton Corn Processing Co.*, 360 N.W.2d 812, 814 (Iowa 1985). In *Harris* we noted

that our approach is consistent with the general rule set forth in Restatement (Second) of Conflict of Laws section 142 (1971) which provides:

An action will not be maintained if it is barred by the statute of limitations of the forum, including a provision borrowing the statute of limitations of another state.

■ Thus, unless one of the exceptions applies, Iowa law limits commencement of a tort action to two years, regardless of which state's substantive law will govern the case. Iowa Code § 614.1(2) (1987); *Harris*, 360 N.W.2d at 814.

■ Iowa's "borrowing statute," found at section 614.7, provides the first exception to the general rule. Briefly, the section contemplates that a former resident of another jurisdiction cannot, by moving to Iowa, take advantage of a lengthier limitations statute here. Obviously the statute has no application to the case before us.

The second exception, developed at common law, has most recently been articulated in *Harris v. Clinton Corn Processing Co.*, 360 N.W.2d 812 (Iowa 1985). *See also* Restatement (Second) of Conflict of Laws § 143. In *Harris* we observed that the Tennessee statute giving rise to plaintiff's cause of action also specifically limited the time within which the action could be brought. We viewed such a statute as being properly characterized as substantive, rather than procedural, because it operated

as a grant of immunity to the protected persons upon the passing of the statutory period without regard to when an otherwise actionable injury might occur. [Citation omitted.] In contrast, an ordinary statute of limitations like section 614.1(2) starts to run only after the cause of action accrues and never bars it from arising.

*Harris*, 360 N.W.2d at 816.

We concluded in *Harris* that a statute of limitation embodied in another jurisdiction's statutory cause of action should not be extended by operation of our own limitation statute, even if longer. *Id.* The ex-

ception is of no avail to plaintiff in this case, however, because she seeks to extend the statute of limitation for an ordinary negligence action, timely if brought in the state in which the cause of action arose but barred by the shorter limitation statute of Iowa, the forum state.

Nevertheless, plaintiff argues that our procedural-substantive or right-remedy rationale is outdated and she points to commentators criticizing the automatic application of such a maxim regardless of the merit of an individual case. *See* R. Leflar, *American Conflicts Law* § 127, at 253 (3d ed. 1977); *Heavner v. Uniroyal, Inc.*, 63 N.J. 130, 135–42, 305 A.2d 412, 415–18 (1973). At the heart of plaintiff's claim is her belief that Iowa has no significant relationship to the case other than serving as the forum. She maintains that since Nebraska's substantive law would apply to the determination of liability, it is unfair to bar her action based on an otherwise unrelated Iowa law.

We perceive two flaws in plaintiff's reasoning. First, she presumes that no rationale other than the procedural-substantive dichotomy exists for applying this forum's statute of limitation. While we recognize that the Restatement (Second) of Conflicts rejects the mechanistic application of a procedural-substantive distinction, the treatise would nevertheless require us to apply our own statute of limitation in this case. Restatement (Second) of Conflict of Laws § 142. Under the Restatement, the local law of the forum applies, except when the forum's statute of limitation is lengthier than the statute of the otherwise applicable law, because the forum *always* has a primary interest in protecting its courts and litigants from stale claims.

Secondly, we reject plaintiff's presumption that Nebraska law will apply to issues of liability and damages. Iowa has adopted the "modern" choice of law rules, formulated in accordance with the Restatement (Second) of Conflicts section 145(1):

The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties....

Numerous decisions of this court have recognized and applied this issue-oriented "most significant relationship" doctrine. *Goetz v. Wells Ford Mercury, Inc.*, 405 N.W.2d 842, 843 (Iowa 1987); *Zeman v. Canton State Bank*, 211 N.W.2d 346, 348–49 (Iowa 1973); *Fuerste v. Bemis*, 156 N.W.2d 831, 833 (Iowa 1968); *Fabricius v. Horgen*, 257 Iowa 268, 132 N.W.2d 410 (1965).

While the certified question confronting us provides little working basis for a substantive choice of law analysis, we presume that the law of liability and damages applicable in Idaho (Cameron's residence at the time of the accident), Nebraska (location of the accident), Iowa (defendants' residence), or Minnesota (plaintiff's current residence) presents no true conflicts in this simple negligence action.

Thus it appears to us that, given the limited scope of the question before us, Iowa, not Nebraska, has the most significant contact with this litigation. As we have already stated, Iowa's interest in protecting its courts from the trial of stale claims inheres in its status as the forum. Additionally, both defendants are Iowa residents and the possibility of a judgment being rendered against them generates a substantial state interest in the expeditious resolution of the controversy. By contrast, Nebraska's interest in any issue in the case appears to us negligible. Neither plaintiff nor defendants reside there. Nebraska was merely the place of impact. Indeed, Nebraska has less interest in this case than Iowa had in *Berghammer v. Smith*, 185 N.W.2d 226 (Iowa 1971) a case involving an automobile collision in Iowa between two non-Iowans. In *Berghammer*, we declined to apply our own substantive law on the issue of consortium because we recognized that Iowa had limited interest in a case in which neither party was a resident. *Id.* at 231. If Iowa had no interest in *Berghammer*, Nebraska has even less here. The plaintiff in *Berghammer* at least commenced the action in Iowa. Plaintiff Cameron, however, chose not to file in Nebras-

ka, where the collision occurred, but in Iowa. We think it unlikely that Nebraska law would apply to any issue in this case and it strikes us as inappropriate to bootstrap Nebraska's statute of limitation with its otherwise inapplicable law.

In summary, this case presents us with no reason, factually or legally, to depart from the rule expressed in our prior decisions and the Restatement (Second) of Conflicts regarding statutes of limitations. In response to the certified question posed, we hold that Iowa's two-year limitation statute bars plaintiff's action filed in Iowa four years after an accident occurring in Nebraska.

CERTIFIED QUESTION ANSWERED.