**LOURDES HIGH SCHOOL OF ROCHESTER, INC., Appellant,**

v.

**SHEFFIELD BRICK & TILE COMPANY; Patzig Testing Laboratories Co., Inc., Appellees.**

**Peterson & Appel, Consulting Engineers; Carlisle Peterson.**

**SHEFFIELD BRICK & TILE COMPANY,**

v.

**W–SMITH ARCHITECTURAL & ENGINEERING SERVICES, INC., f/k/a Flad–Smith & Associates Architects & Engineers, Inc., W. Wayne Smith.**

**UNITED STATES FIDELITY & GUARANTY COMPANY,**

v.

**SHEFFIELD BRICK & TILE COMPANY, an Iowa corporation and Lourdes High School of Rochester, Inc.**

**No. 87–5468.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1989.

Decided March 15, 1989.

Thomas Wolf, Rochester, Minn., for appellant.

Eric J. Magnuson, Minneapolis, Minn., for Sheffield Brick.

Kurtis A. Greenley, Minneapolis, Minn., for Patzig Testing Lab.

Before FAGG and MAGILL, Circuit Judges, and HEANEY, Senior Circuit Judge.

FAGG, Circuit Judge.

Lourdes High School of Rochester, Inc. (Lourdes) brought this diversity action against various parties involved in designing, manufacturing, testing, and selling a flooring system that was installed in a 1959 addition to the school. The district court held Lourdes' action was barred by the applicable Minnesota statute of repose, Minn.Stat. § 541.051 Subd. 1 (1980). The court thus granted the defendants' motions for partial summary judgment and to dismiss, and Lourdes appeals. We affirm.

In late 1958, Lourdes retained an architectural firm, W–Smith Architectural & Engineering Services, Inc., f/k/a Flad–Smith & Associates Architects & Engineers, Inc., and W. Wayne Smith (collectively Smith), for the school addition project. In conformity with Smith's specifications, Lourdes contracted with Sheffield Brick & Tile Company (Sheffield) to design and manufacture a precast clay tile flooring system to support the roof and floors of the addition. Patzig Testing Laboratories Co., Inc. (Patzig) tested the precast beams before they were installed. Peterson & Appel and Carlisle Peterson (collectively Peterson) served as consulting engineers.

According to Lourdes' district court filings, construction was completed during 1959. Lourdes began using the addition that year. In January 1984, Lourdes school officials discovered structural damage in the addition that apparently resulted from a failure in the flooring system. Lourdes installed substitute supports in order to preserve the structure.

In May 1985, Lourdes filed a complaint against Sheffield in the federal district court for the Northern District of Iowa, seeking recovery on contract and tort theories. Lourdes amended its complaint twice after that time: once to add a claim of fraudulent misrepresentation against Sheffield and, later, to add Smith, Patzig, and Peterson as defendants.

On Sheffield's motion for change of venue on forum non conveniens grounds, the case was transferred to the District of Minnesota. See 28 U.S.C. § 1404(a). To preserve complete diversity, Lourdes dismissed Smith from the case. Smith remained in the case as a third-party defendant for contribution and indemnity claims. Various cross-claims between the defendants followed.

The defendants, except for Peterson, then filed motions for partial summary judgment or to dismiss, contending Lourdes' action was controlled by Minnesota law. The Minnesota statute of repose then required claims for real property damage to be brought, except when fraud was involved, within two years of discovering the damage or, in any event, no later than fifteen years after substantial completion of the construction. *See* Minn.Stat. § 541.051 Subd. 1 (1980) (This statute was amended in 1986 to reduce the fifteen-year limitation to ten years. *See* 1986 Minn. Laws, ch. 455, § 92.). Because Lourdes' action was brought more than fifteen years after construction on the addition was completed, the defendants contended Lourdes' nonfraud claims were barred.

■ The district court issued a well-reasoned, thorough memorandum and order granting the defendants' motions. In this ruling, the court correctly recognized that after a change of venue under 28 U.S.C. § 1404(a), a federal court is obliged to apply the law that would have been applied in the transferor court. *Van Dusen v. Barrack*, 376 U.S. 612, 639, 84 S.Ct. 805, 821, 11 L.Ed.2d 945 (1964). As the forum state of this diversity case, Iowa's choice of law rules control. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941).

Proceeding on this basis, the district court appropriately identified the Iowa principles for determining what substantive law applies in a choice of law case. *See Cameron v. Hardisty*, 407 N.W.2d 595, 597 (Iowa 1987); *Harris v. Clinton Corn Processing Co.*, 360 N.W.2d 812, 814 (Iowa 1985); *Cole v. State Auto. & Casualty Underwriters*, 296 N.W.2d 779, 781 (Iowa 1980) (en banc) (contract actions); *Zeman v. Canton State Bank*, 211 N.W.2d 346, 348–49 (Iowa 1973) (tort actions); *see also Foster v. Day & Zimmermann, Inc.*, 502 F.2d 867, 870 (8th Cir.1974) (applying Iowa law). Relying on these principles, the district court undertook a detailed analysis of the applicable factors and determined that under the circumstances of this case, Minnesota had the most significant relationship to the case. Thus, the court ruled Minnesota substantive law governed the parties' rights and liabilities.

Concerning what procedural law controlled, the court then examined whether Iowa courts would apply the Iowa or Minnesota statute of limitations to Lourdes' action. The Iowa Supreme Court in *Harris* adopted the rule that " '[a]n action will not be entertained in [Iowa] if it is barred in the state of the otherwise applicable law by a statute of limitations [that] bars the right and not merely the remedy.' " *Harris*, 360 N.W.2d at 816 (quoting Restatement (Second) of Conflict of Laws § 143 (1971)). Following the *Harris* analysis, *see id.* at 816–17, the court determined section 541.051 barred Lourdes' right to sue and, thus, constituted Minnesota substantive law applicable to this litigation.

As a result, the district court held that Lourdes' claims against the defendants were barred by the Minnesota statute's fifteen-year limitation. In doing so, the court also rejected Lourdes' arguments that disputed fact issues remained concerning the date on which the school addition was substantially completed and the existence of an express written warranty.

Lourdes then dismissed its pending fraudulent misrepresentation claim, and the district court entered a final judgment. *See* Fed.R.Civ.P. 54(b). With Lourdes' approval, Peterson, which had not filed a summary judgment or dismissal motion, will be bound by our decision in this appeal.

■ We have carefully reviewed the record, the relevant Iowa cases, and their application to the undisputed facts of this litigation. Based on our review, we perceive no flaws in the district court's reasoning or its decisions that the record is appropriate for summary judgment and that section 541.051 bars Lourdes' claims.

Lourdes also argues that even if section 541.051 applies to its action, the statute is unconstitutional. In the district court, Lourdes based this argument on the dual contentions that the statute violated federal due process standards and the remedies clause of the Minnesota Constitution, Minn. Const. art. 1, § 8. The district court reject-

ed Lourdes' constitutional arguments and upheld the statute.

■ On appeal, Lourdes renews these constitutional challenges. Since the district court's decision in this case, however, the Minnesota Supreme Court has decisively held that section 541.051 does not violate the Minnesota Constitution. *See Sartori v. Harnischfeger Corp.*, 432 N.W.2d 448, 452–54 (Minn.1988). In addition, we have previously upheld the federal constitutionality of an analogous provision of the Minnesota statutes dealing with limitations on medical malpractice claims. *See Jewson v. Mayo Clinic*, 691 F.2d 405, 411–12 (8th Cir.1982); *see also Wayne v. Tennessee Valley Auth.*, 730 F.2d 392, 402–04 (5th Cir.1984), *cert. denied*, 469 U.S. 1159, 105 S.Ct. 908, 83 L.Ed.2d 922 (1985). Thus, we reject Lourdes' constitutional challenges to section 541.051.

■ Finally, Lourdes argues on appeal that section 541.051 also violates the equal protection clause of the United States Constitution. We do not consider this challenge because it was not raised in the district court or considered in the ruling from which Lourdes appeals. *See Hall v. Gus Constr. Co.*, 842 F.2d 1010, 1016 (8th Cir. 1988). To the extent it may have been raised, we would be guided by the same authorities applicable to Lourdes' other constitutional challenges. *See Jewson*, 691 F.2d at 411; *Sartori*, 432 N.W.2d at 553 n. 5.

Finding no error of fact or law, we affirm the district court's decision.