**Scott WHITE, as Next Friend for Rhonda WHITE, and Rhonda White, Individually, Plaintiffs,**

v.

**WINNEBAGO INDUSTRIES, INC., Defendant.**

No. C88–3111.

United States District Court,
N.D. Iowa, C.D.

July 6, 1989.

Chip Lowe, Des Moines, Iowa, for plaintiffs.

Dennis D. Jerde, Martha A. Fagg, Des Moines, Iowa, for defendant.

## ORDER

HANSEN, District Judge.

This matter is before the court on defendant's resisted motion for summary judgment, filed January 18, 1989; plaintiffs' request for oral argument, filed February 21, 1989; plaintiffs' resisted motion to certify questions of law to the Iowa Supreme Court, filed March 15, 1989; and plaintiffs' resisted motion to supplement the record, filed March 15, 1989. For purposes of defendant's motion for summary judgment, the facts are not largely disputed. However, because discussion of defendant's motion for summary judgment, and in particular the conflict of law question, is fact-dependent, the court sets forth the facts, in a light most favorable to plaintiffs, in detail.

### Findings of Fact

Plaintiffs, at all times relevant to this action, have been residents of the State of Tennessee. Defendant is an Iowa corporation with its principal place of business in Iowa. The substance of this litigation in-

volves injuries allegedly incurred by plaintiff Rhonda White due to an allegedly defectively designed motor home manufactured by defendant.

The motor home in question was designed, tested, manufactured, and distributed in 1973 by the defendant in Iowa. In late 1973, defendant transferred and sold the motor home to a motor home dealer in Cleveland, Tennessee. In May, 1974, the motor home dealer sold the motor home to consumer Eugene B. Davis of Cleveland, Tennessee. The next relevant date for the purposes of this litigation is June 7, 1986, when the motor home was being repaired at a garage in Mecca Pike, Tennessee at the request of its owner.[1] The garage was owned by Bill Casteel, Sr., d/b/a Casteel Garage. On the evening of June 7, 1986, the mobile home was driven into a closed garage on the business premises. That same evening, Mr. Casteel's son, Bill Casteel, Jr., and plaintiff Rhonda White entered the mobile home parked in the closed garage. Plaintiffs allege that Bill Casteel, Jr., turned on the electrical system in the motor home, which was driven by a gasoline engine, and both were subsequently asphyxiated by carbon monoxide gas. Bill Casteel, Jr., died from inhalation of the gas, and plaintiff Rhonda White claims severe injuries.

Plaintiffs filed their complaint against Winnebago Industries, the manufacturer of the mobile home, in this court on November 3, 1988. Plaintiffs' complaint alleges that the motor home was in a defective condition and unreasonably dangerous as the electrical system produced large amounts of carbon monoxide gas without appropriate warnings. Plaintiffs' complaint is styled in three counts: strict liability, negligence, and breach of express and implied warranties. Plaintiffs seek general and special damages and costs. Plaintiffs do not, however, seek punitive damages.

Defendant's motion for summary judgment argues that Tennessee law applies and that a Tennessee statute of repose bars plaintiffs' action. Alternatively, defendant argues that plaintiffs' cause of action is barred under Iowa's statutes of limitation. Plaintiffs' motion to certify questions to the Iowa Supreme Court requests that this court certify questions of law regarding choice of law and Iowa Code provisions. Plaintiffs' motion to supplement the record seeks further discovery primarily as it relates to the Iowa statutes of limitation question. Because this matter is before the court on defendant's motion for summary judgment, plaintiffs will be given the benefit of all factual inferences and the court will view the evidence and pleadings in a light most favorable to plaintiffs. As such, to the extent that plaintiffs' motion to supplement the record seeks additional information regarding defendant's activities in the state of Iowa, the court accepts plaintiffs' factual allegations as true.

### Conclusions of Law

This court has jurisdiction pursuant to 28 U.S.C. § 1332. The governing standard on a motion for summary judgment is well established. Summary judgment should not be granted unless the pleadings, depositions, answers to interrogatories, and admissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Poller v. Columbia Broadcasting Sys., Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962); Fed.R. Civ.P. 56(c). Summary judgment should not be entered unless the moving party has established its right to judgment with such clarity as to leave no room for controversy and unless the other party is not entitled to recover under any discernible circumstances. *See, e.g., Equal Employment Opportunity Comm. v. Liberty Loan Corp.*, 584 F.2d 853, 857 (8th Cir.1978).

Because this is a diversity case, Iowa law applies in federal court. *See, e.g., Erie R.R. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Defendant has

---

1. The file does not show that Mr. Davis owned the motor home on June 7, 1986. The complaint filed on Rhonda White's behalf in Tennessee state court indicates that a Mr. Thomas owned the motor home at the time of the accident. Mr. Thomas's residency is not ascertainable from the pleadings.

argued that Tennessee law applies. Therefore, this court must follow the relevant Iowa conflicts of law rules. *See, e.g., Klaxon v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). With exceptions not applicable to this case, the general rule in Iowa is that the forum applies its own procedural law and applies the substantive law of the place to which its choice of law rules refer. *See, e.g., Harris v. Clinton Corn Processing Co.,* 360 N.W.2d 812, 814 (Iowa 1985) (citing cases); *Fabricius v. Horgen,* 257 Iowa 268, 132 N.W.2d 410, 413 (Iowa 1965) (citing cases). Thus, before the court addresses the conflicts of law issue, it must determine whether the Tennessee statute relied upon by defendant is procedural or substantive. If it is procedural, the Iowa statute applies and the court need not make a conflicts of law determination. If it is substantive, the court must address the conflicts of law issue.

The court starts with the proposition that "statutes of limitation are usually viewed as being procedural rather than substantive." *Harris,* 360 N.W.2d at 814. One exception to this general rule is when the "statute giving rise to plaintiff's cause of action also specifically limited the time within which the action could be brought." *Cameron v. Hardisty,* 407 N.W.2d 595, 596 (Iowa 1987); *accord* Restatement (Second) of Conflict of Laws § 143 (1971). Although having common law roots, the court finds that the Tennessee statute relied upon by defendant is such a statute of repose.

Tennessee has a personal injury statute of limitations of one year. *See* Tenn.Code Ann. § 28–3–104. However, an overarching limitation of actions provision applies to products liability claims. "Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition ... must be brought within ten (10) years from the date on which the product was first purchased for use or consumption." Tenn.Code Ann. § 29–28–103(a). Defendant has argued that § 29–28–103(a) takes precedence over § 28–3–104. Plaintiffs have not argued to

the contrary and, after examining the provisions, the court agrees with the defendant's position. Thus, the court must determine whether Tenn.Code Ann. § 29–28–103(a) is substantive or procedural.

■ Although neither this court nor the Iowa Supreme Court has addressed this precise issue, the Fifth Circuit Court of Appeals has done so. *See Wayne v. Tennessee Valley Authority,* 730 F.2d 392 (5th Cir.1984), *cert. denied,* 469 U.S. 1159, 105 S.Ct. 908, 83 L.Ed.2d 922 (1985). That court stated that Tenn.Code Ann. § 29–28–103(a) "obviously terminates the very cause of action a maximum of ten years from the time of purchase or one year after the plaintiff attains the age of majority." *Wayne,* 730 F.2d at 401 (footnote omitted). The *Wayne* court correctly referred to § 29–28–103(a) as a statute of repose in that it extinguishes a cause of action based on the date of purchase rather than on the date of the injury. *See Wayne,* 730 F.2d at 401–02 (citing McGovern, *The Variety, Policy and Constitutionality of Product Liability Statutes of Repose,* 30 Am.U.L.Rev. 579, 584 (1981)). The *Wayne* court, after a well-reasoned discussion, concluded that § 29–28–103(a) is a substantive provision. *See Wayne,* 730 F.2d at 402. The Iowa Supreme Court, in construing a similar Tennessee statute, adopted a similar analysis. *See Harris,* 360 N.W.2d at 817 (determining that Tenn.Code Ann. § 28–3–202 is substantive). Accordingly, the court agrees with the *Wayne* court and the analysis used in *Harris* and concludes that Tenn.Code Ann. 29–28–103(a) is substantive. Having so decided, the court must now address the conflicts of law issue.

It is clear that this tort case has factual connections with both Tennessee and Iowa. Furthermore, the issue of whether or not plaintiffs' claim was time barred does present an actual conflict. If the court determines that Tennessee law applies, plaintiffs' claims appear to be barred pursuant to Tenn.Code Ann. § 29–28–103(a). If the court finds that Iowa law applies, in light of the parties' arguments, plaintiffs'

claims may or may not be barred depending upon the construction of Iowa Code § 614.8. Tenn.Code Ann. § 29–28–103(a) presumably reflects a policy by the Tennessee legislature that manufacturers should not be held liable in Tennessee for defective products more than a decade following their sale. Plaintiffs argue that because Iowa has not enacted a statute of repose, it expresses a state policy that Iowa manufacturers should be held responsible in perpetuity for personal injuries caused by defective products. The court is hesitant to impute such a policy judgment to legislative inaction. However, assuming that the two states' laws do not present a "false conflict" situation, the court must determine whether Tennessee or Iowa law should apply.

■ The traditional rule in Iowa was that the place of physical impact governed the choice of substantive law in tort cases. *See, e.g., Cardamon v. Iowa Lutheran Hosp.*, 256 Iowa 506, 128 N.W.2d 226, 232–33 (1964). However, in *Fuerste v. Bemis*, 156 N.W.2d 831 (Iowa 1968), the Iowa Supreme Court rejected this traditional doctrine of lex loci delicti and adopted the "most significant relationships" rule contained in the Restatement (Second) of Conflict of Laws. Specifically, the Iowa Supreme Court has adopted the general principles contained in Restatement (Second) of Conflict of Laws § 145 (1971) in determining which state's substantive law should apply. *See, e.g., Cameron*, 407 N.W.2d at 597 (citing cases). Plaintiffs cite to commentary to Restatement (Second) of Conflict of Laws § 146 (1971). Section 146 of the Restatement is a modified version of the doctrine of lex loci delicti, and this court has not found, nor have the parties cited, any Iowa appellate case adopting and applying § 146 of the Restatement. Accordingly, the court will not apply § 146's presumption that Tennessee law should apply in this case.

The court applies the issue-oriented "most significant relationships" doctrine contained in § 145 of the Restatement. *Accord Cameron*, 407 N.W.2d at 597 (citing cases). This analysis, as applied to this

case, looks at which jurisdiction has the most significant relationships to the occurrence and the parties of the litigation by examining the place where the injury actually occurred; the place where the conduct causing the injury occurred; and the residence, place of incorporation, and place of business of the parties. Plaintiff Scott White and plaintiff Rhonda White are citizens of Tennessee. It is undisputed that the injury occurred in Tennessee, while the motor home was being repaired by a Tennessee resident in a Tennessee garage. Plaintiff Rhonda White's companion was a Tennessee resident and the motor home originally was sold in 1974 by a Tennessee company located in Tennessee to a Tennessee resident. Defendant is an Iowa corporation with its principal place of business in Iowa. For purposes of defendant's motion for summary judgment, the motor home in question was designed, tested, manufactured, and distributed in Iowa by defendant. Thus, in terms of Restatement (Second) of Conflict of Laws § 145(2), the injury occurred in Tennessee and plaintiffs are Tennessee residents, while the conduct causing the injury occurred in Iowa and defendant is a resident of Iowa. Commentary to § 145 is instructive in determining which states' law should apply for this issue:

> If the primary purpose of the tort rule involved is to deter or punish misconduct, ... the state where the conduct took place may be the state of dominant interest and thus that of most significant relationship ... On the other hand, when the tort rule is designed primarily to compensate the victim for his injuries, the state where the injury occurred, which is often the state where the plaintiff resides, may have the greater interest in the matter. This factor must not be overemphasized, however. To some extent, at least, every tort rule is designed to deter other wrongdoers and to compensate the injured person....

Restatement (Second) of Conflict of Laws § 145 comment c (1971).

Iowa, by not enacting a statute of repose, presumably seeks to compensate plaintiffs rather than punish defendants.

Similarly, the Tennessee statute of repose is not punitive but rather sets an outside time limit on product liability actions. Furthermore, in this case, plaintiffs seek only compensatory damages and do not seek punitive damages. *See generally* plaintiffs' complaint, filed November 3, 1988. Thus, the facts of this case do not undercut a finding that the rule of tort involved is compensatory rather than punitive. *Accord* Restatement (Second) of Conflict of Laws § 145 comment c (1971). Furthermore, Tenn.Code Ann. § 29–28–103(a) does not render defendant completely immune from suit in Tennessee. Rather, § 29–28–103(a) acts as a time limitation for suits against manufacturers. Although in this case § 29–28–103(a) suggests a different outcome than the current Iowa common law and statutory rule, Iowa law is no more punitive than Tennessee law. Finally, the impact of § 29–28–103(a) does not hinge on whether or not the conduct in question occurred within the Tennessee border. In light of the current nationwide stream of commerce—evidenced by the motor home in question in this case as well as many other manufactured goods—it is not clear that the sole purpose of § 29–28–103(a) is to entice companies like defendant to manufacture goods in Tennessee.

If the court were to adopt and apply Restatement (Second) of Conflict of Laws § 146 (1971), the facts of this case would further indicate that Tennessee law should apply. Section 146 states, in relevant part, "[i]n an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship...." Restatement (Second) of Conflict of Laws § 146 (1971). As discussed previously, and even in light of the commentary to § 146, the court determines that Iowa, while having some contacts with this controversy, does not have "a more significant relationship" than Tennessee. *See* Restatement (Second) of Conflict of Laws § 6 (1971). Thus, § 146 would not direct this court to apply Iowa law. *Cf. Bankord v. DeRock*, 423 F.Supp. 602, 605 (N.D.Iowa 1976).

In sum, taking the factual allegations of the parties in a light most favorable to plaintiffs, the court concludes that the State of Tennessee has the most significant relationships to this litigation. *Accord Goetz v. Wells Ford Mercury, Inc.*, 405 N.W.2d 842 (Iowa 1987); *Berghammer v. Smith*, 185 N.W.2d 226 (Iowa 1971); *Fuerste v. Bemis*, 156 N.W.2d 831 (Iowa 1968); *see also Wayne*, 730 F.2d at 399–400; *Drudge v. Overland Plazas Co.*, 670 F.2d 92 (8th Cir.1982); Restatement (Second) of Conflict of Laws §§ 6, 145 & comment e (1971). Furthermore, in light of Iowa's conflict of law rules, and in light of the parties' policy arguments discussed previously, the court does not find an overriding directive mandating a different result. *See* Restatement (Second) of Conflict of Laws § 6 (1971). Thus, the court concludes that Tennessee law applies, and that Tenn.Code Ann. § 29–28–103(a), a substantive provision, applies to plaintiffs' cause of action.

■ The question now becomes whether § 29–28–103(a) bars plaintiffs' cause of action. The parties do not dispute the fact that the motor home involved in this litigation was first sold for use or consumption on May 6, 1974. Furthermore, the parties do not dispute that the accident complained of in plaintiffs' complaint occurred on June 7, 1986. Tenn.Code Ann. § 29–28–103(a) bars all claims against a manufacturer of a product due to any defective or unreasonably dangerous condition unless the action is brought within ten years from the date the product was first purchased for use or consumption. *See* Tenn.Code Ann. 29–28–103(a). Such a product liability action is defined in Tenn.Code Ann. 29–28–102(6):

"Product liability action" for purposes of this chapter shall include all actions brought forth or on account of personal injury ... caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product. It shall include, but not be limited to, all

actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied....

Tenn.Code Ann. § 29–28–102(6). As stated previously, plaintiffs' three counts allege strict liability in tort, negligence, and breach of express and implied warranties. Accordingly, plaintiffs' claims are covered by § 29–28–102(6). Furthermore, because the motor home was purchased for use or consumption more than ten years prior to the date of the accident, § 29–28–103(a) bars plaintiffs' claims. *Cf. Harris,* 360 N.W.2d at 814 ("[I]t seems likely that the Iowa court would adopt the exception set forth in [Restatement (Second) of Conflict of Laws] § 143."). Accordingly, because the Tennessee statute of repose applies, and because that statute bars plaintiffs' claims, defendant's motion for summary judgment shall be granted. Having so decided, plaintiffs' request for oral argument on the motion for summary judgment shall be denied. Similarly, because the court has granted defendant's motion for summary judgment, plaintiffs' motions to supplement the record and to certify questions of law to the Iowa Supreme Court shall be denied as moot.

### ORDER:

Accordingly, It Is Ordered:

1. Defendant's motion for summary judgment, filed January 18, 1989, is granted.

2. Plaintiffs' request for oral argument, filed February 21, 1989, is denied.

3. Plaintiffs' motion to certify questions of law to the Iowa Supreme Court, filed March 15, 1989, is denied as moot.

4. Plaintiffs' motion to supplement the record, filed March 15, 1989, is denied as moot.

5. Plaintiffs' complaint, filed November 3, 1988, is dismissed in accordance with the text of this order.

Done and Ordered.