**Gregory P. VRBAN, Plaintiff,**

v.

**DEERE & COMPANY, d/b/a John Deere Co., Defendant.**

**Civil No. 4–96–CV–70525.**

United States District Court,
S.D. Iowa,
Central Division.

Nov. 19, 1996.

Theodore R. Hoglan, Fairall Fairall & Kaplan, Marshalltown, IA, for Plaintiff.

Frank B. Harty, Nyemaster Goode & McLaughlin, Des Moines, IA, for Defendant.

## MEMORANDUM OPINION, RULING, AND ORDER DISMISSING COMPLAINT

VIETOR, District Judge.

Plaintiff Gregory P. Vrban ("Vrban") asserts that defendant Deere & Company ("Deere") constructively discharged him for pursuing a workers' compensation claim. Vrban commenced this action on June 25, 1996 in Iowa District Court. Deere subsequently removed the action to federal court on the basis of diversity of citizenship. Deere moves to dismiss Vrban's complaint on statute of limitations grounds. Vrban resists, and oral arguments were heard. The motion is submitted.

## MOTION TO DISMISS STANDARD

■  The statute of limitations bar is an affirmative defense usually raised in a defendant's answer to a complaint. *See* Fed. R.Civ.P. 8(c). It may be raised by a motion to dismiss, however, where it appears from the face of the complaint that the limitations period has run. *Wycoff v. Menke*, 773 F.2d 983, 984–85 (8th Cir.1985), *cert. denied*, 475 U.S. 1028, 106 S.Ct. 1230, 89 L.Ed.2d 339 (1986).

## ALLEGATIONS OF THE COMPLAINT

For the purposes of this motion, the following facts alleged by plaintiff are presumed to be true. Vrban worked at Deere's Marshall County, Iowa plant. During the course of Vrban's employment with Deere, he sustained work-related injuries, culminating with the filing of a Petition for Arbitration with the Iowa Industrial Commissioner on October 16, 1989, going to trial on November 1, 1991. Deere constructively discharged Vrban on June 26, 1991 in retaliation for his pursuing his workers' compensation claim. Vrban commenced this action on June 25, 1996.

## DISCUSSION

Vrban filed this action one day short of five years after Deere allegedly discharged him. Iowa Code section 614.1(2) provides that actions "founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty" must be brought within two years. Deere contends that this section applies and bars Vrban's wrongful discharge claim. Iowa Code section 614.1(4) provides that actions "founded on unwritten contracts, those brought for injuries to property, or for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery, and all other actions not otherwise provided for in this respect" must be brought within five years. Vrban contends that this five-year limitation applies and thus, that his claim is timely.

■ In diversity cases, federal district courts apply the choice of law rules of the state in which they sit. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941); *Whirlpool Corp. v. Ritter*, 929 F.2d 1318, 1320 (8th Cir.1991). Iowa courts apply the rules in the Restatement (Second) of Conflict of Laws for contract claims, *see Cole v. State Auto. & Cas. Underwriters*, 296 N.W.2d 779, 781 (Iowa 1980) (§§ 187, 188), and for tort claims, *see Goetz v. Wells Ford Mercury, Inc.*, 405 N.W.2d 842, 843 (Iowa 1987) (§ 145). Under the Restatement, the law of the state that has the most significant relationship to the transaction and the parties governs. In this case, Iowa has the most significant relationship to the claim involved in this case because all the relevant events took place in Iowa.

■ The Iowa courts have not addressed this specific issue and therefore, in the absence of Iowa law, I have a duty to judicially estimate what the Iowa Supreme Court would decide. *See Gearhart v. Uniden Corp.*, 781 F.2d 147, 149 (8th Cir.1986).

■ Iowa courts determine the appropriate statute of limitations for a cause of action by "characterizing the actual nature of the action." *Sandbulte v. Farm Bureau Mut. Ins. Co.*, 343 N.W.2d 457, 462 (Iowa 1984) (citation omitted). In *Springer v. Weeks & Leo Co., Inc.*, 429 N.W.2d 558 (Iowa 1988), the Iowa Supreme Court recognized a common law claim for wrongful discharge from employment when the termination is contrary to public policy. *Id.* at 559–60. Discharge due to the filing of workers' compensation claims contravenes public policy. *Id.* at 560–61. In *Springer*, the court states: "This type of conduct * * * will support a claim for tortious interference with the contractual relationship." *Id.* at 559. Later in the opinion, the court states: "We believe a cause of action should exist for tortious interference with the contract of hire." *Id.* at 560. After *Springer*, the Iowa Supreme court consistently characterizes this type of claim as a tort. *See Springer v. Weeks & Leo Co., Inc.*, 475 N.W.2d 630, 632–33 (Iowa 1991) (clarifying that this is the tort of retaliatory or wrongful discharge); *Smith v. Smithway Motor Xpress, Inc.*, 464 N.W.2d 682, 686–87 (Iowa 1990); *Niblo v. Parr Mfg., Inc.*, 445 N.W.2d 351, 353–55 (Iowa 1989); *Conaway v. Webster City Prod. Co.*, 431 N.W.2d 795, 799 (Iowa 1988). Because the Iowa Supreme Court characterizes this action as a tort, I believe that it would apply the two-year statute of limitations from Iowa Code section 614.1(2) to this claim.

Vrban filed this action well beyond the applicable two-year statutory period, so his claim is barred.

## RULING AND ORDER

Defendant Deere & Company's motion to dismiss is **GRANTED.**

**IT IS ORDERED** that plaintiff's complaint be dismissed.