## DAVIS v. HARPER.

1. **Statute of Limitations:** WHEN ACTION IS BARRED IN ANOTHER STATE. Under the Revision, when a personal action has become fully barred by the laws of any other country or State in which the defendant has resided, such bar will constitute a defense to the action in this State, and this is true whether or not the cause of action arose in this State.

*Appeal from Adams Circuit Court.*

FRIDAY, JUNE 7.

IT is averred in the petition that, in the year 1855, the defendant, a resident of Illinois, came to Adams county, in this State, the plaintiff's place of residence, and employed plaintiff to survey vacant lands and furnish numbers of lands, for the purpose of entry at the land office, for the agreed price of five dollars per quarter-section; that plaintiff furnished to defendant the numbers of thirteen quarter-sections, and surveyed the same, for which defendant was to pay the agreed price in cash at once; that defendant entered said land for himself and other parties, and, without paying plaintiff for his said services, purposely and wrongfully left the jurisdiction of Iowa courts to avoid suits, and has been a non-resident of Iowa ever since that time.

The answer pleads payment in full for the alleged services, and also the statute of limitations of the State of Illinois, and the statute of limitations of this State.

There was a trial by jury, and a verdict and judgment for the defendant. Plaintiff appeals.

*Davis & Wells* and *J. H. Maley,* for appellant.

*Twining & Russell,* for appellee.

ROTHROCK, CH. J.—I. It is conceded that, at the time the

alleged contract was made and services rendered, the defend-

I. STATUTE of limitations: when action is barred in another state.

ant was a resident of the State of Illinois, and that he has ever since that time resided, and now resides, there. The principal question presented is whether the action is barred by the statute of limitations.

The court gave to the jury the following instruction : "7. If you find from the evidence that, at the time of performing the service and for five years thereafter, the defendant continued to reside in the State of Illinois, and that that was his place of residence during said time, and that he has never resided in Iowa, then you are instructed that this action would be barred by the statute of limitations, and you will find for the defendant."

An instruction was asked by plaintiff that, if the "defendant has been a non-resident of the State of Iowa from about the time the cause of action accrued until the commencement of this action," the statute of limitations did not run in defendant's favor during such non-residence. This instruction was refused.

It was shown upon the trial that by the statute of Illinois actions of this character are barred in five years after the cause of action accrues. This action accrued to the plaintiff in 1855. It was not local in its character. It is true it was a contract made and to be performed in this State. But it was a contract upon which a personal action could be maintained in any court where jurisdiction of the person of the defendant could be obtained. It was fully barred by the statute of Illinois, because not brought within five years, and being thus barred by the laws of Illinois it was also barred by the laws of this State. Revision, § 2746.

It is argued that the time of defendant's residence in Illinois should not be computed, because the cause of action arose in this State.

Section 2746 of the Revision is in these words : "But when a cause of action has been fully barred by the laws of any country, where the defendant has previously resided, such

bar shall be the same defense here as though it had arisen under the provisions of this chapter."

This section applies to actions generally, whether they arose within or without the State. The phrase "as though it had arisen," etc., has reference to the bar of the action, and not to actions arising in this State.

This construction, we think, is manifest. It is also strengthened by the fact that the Legislature, in 1870, amended said section so that it should not apply to causes of action arising within this State.

Without further discussion, we think the question involved in this case was fully determined in *Thompson v. Read*, 41 Iowa, 48.

The opinion in that case is not inconsistent with *Weaver v. Carpenter*, 42 Iowa, 343. In the last named case the action was local, being for the recovery of land, and could not be barred by the laws of another State, because no action could be maintained there.

II. It is insisted that there was no proper evidence as to the statute of limitations of the State of Illinois. We think that the volume of statutes introduced in evidence by defendant was sufficiently proved to be commonly admitted in evidence in the courts of Illinois, to justify the court below in allowing the same to be introduced upon the trial. See Code, § 3718.

ABSOLUTELY                                        AFFIRMED.