Forrest **DRUDGE**, Plaintiff,

v.

**OVERLAND PLAZAS COMPANY,**
**Defendant.**

Civ. No. 80–490–C.

United States District Court,
S. D. Iowa, C. D.

May 6, 1981.

warranty set forth in the sales contract.

Edmund J. Burke, Hoffman & Burke, Chicago, Ill., Robert W. Brennan, Adler, Brennan, Joyce & Steger, Des Moines, Iowa, for plaintiff.

James A. Lorentzen, Patterson, Lorentzen, Duffield, Timmons, Irish & Becker, Des Moines, Iowa, for defendant.

## RULING AND ORDER

STUART, Chief Judge.

On December 22, 1980, the defendant filed a motion for change of venue. On January 7, 1981, in its' amended answer the defendant requested that the case be dismissed because the action was barred by the applicable statute of limitations. On January 15, 1981, the plaintiff filed a resistance to the motion for change of venue. On January 29, 1981, the defendant moved for summary judgment based on its claim that the action was barred. The plaintiff's resistance to that motion was received April 8, 1981. Parties have requested oral argument, but the issues are not complex and have been well briefed. Oral arguments would not be helpful. The Court will rule on the existing record.

■ The defendant's motion for change of venue is denied. Change of venue under 28 U.S.C. 1404(a) is a matter within the discretion of the district court. *Chicago Rock Island and Pacific Railroad Co. v. Igoe*, 220 F.2d 299 (7th Cir.), cert. den. 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955). Since the plaintiff presents cogent reasons for venue in Iowa and in view of the fact that the ruling on the defendant's motion for summary judgment must be made on the basis of Iowa law and is dispositive of this case, it would be contrary to the interests of justice, the litigants and judicial efficiency to transfer this matter. *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964).

The defendant's motion premised on the statute of limitation will be treated as a motion for summary judgment. F.R.Civ.P. 12(b) and 56. Summary judgment is appropriate where the record discloses no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law, *Stovall v. City of Saint Louis Board of Education*, 614 F.2d 619, 621 (8th Cir. 1980), and the movant has established its right to a judgment with such clarity as to leave no room for controversy. *Equal Employment Opportunity Commission v. Liberty Loan Corp.*, 584 F.2d 853 (8th Cir. 1978). The facts must be viewed in the light most favorable to the party opposing the motion, but where the moving party has met its initial burden of establishing the absence of a genuine issue concerning any material fact, summary judgment is appropriate unless the opposing party produces evidence in contravention. *Id.*

■ The plaintiff was injured in a slip-and-fall accident at a truck stop owned by the defendant in Knoxville, Tennessee on December 14, 1978. The plaintiff was and

is a resident of Indiana. The defendant is a Missouri corporation that operates truck stops in Tennessee, Iowa and other states. The plaintiff filed his suit in this Court on December 2, 1980. It would be barred under Tennessee's one year statute of limitation but would not be barred in Iowa or Missouri under their personal injury statutes of limitation. The question is which statute of limitation will apply to this action.

In diversity cases the law of the forum state applies in federal court. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). This Court must identify and follow the conflicts of law rules of the state of Iowa, *Day & Zimmerman, Inc. v. Challoner*, 423 U.S. 3, 4, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975); *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), including the statute of limitations, *Walker v. Armco Steel*, 446 U.S. 740, 750, 100 S.Ct. 1978, 1985, 64 L.Ed.2d 659 (1979). The applicable law in this case is Iowa Code § 614.7 which states:

> When a cause of action has been fully barred by the laws of any country where the defendant has previously resided, such bar shall be the same defense here as though it had arisen under the provisions of this chapter ...

This poorly drafted statute has been construed by the Iowa Courts to cover causes of action barred in other states as well as foreign countries, see *Andrew v. Ingvoldstad*, 218 Iowa 8, 254 N.W. 334 (1934); *Davis v. Harper*, 48 Iowa 513 (1878); *Thompson v. Read*, 41 Iowa 48 (1875), and current residences of the defendant as well as previous residences. See *Western Soils Co. v. Skolness*, 370 F.Supp. 831 (N.D.Iowa 1974) (applying § 614.7).

The residence of a corporation is where its principal place of business is located. *Iowa Public Service Corp. v. Iowa State Commerce Commission*, 263 N.W.2d 766, 769 (Iowa 1979). As the defendant has its corporate headquarters in Missouri, the Court must under 614.7 look to the statutes of limitation in Missouri. Missouri Code § 516.120 sets a five year limit for bringing

an action for injury to the person. However, Missouri also has a borrowing statute that states:

> Whenever a cause of action has been fully barred by the laws of the state ... in which it originated said bar shall be a complete defense to any action thereon ....

Missouri Code § 516.190. Under this section, Tennessee's one year statute of limitation would bar this action.

The plaintiff argues that to apply the conflict law of the forum state so as to invoke the conflict laws of a second state resulting in an application of the laws of a third state is to adopt the Doctine of Renvoi, which he asserts is outmoded and largely repudiated. The doctrine of renvoi is a doctrine under which the court in resorting to a foreign law adopts the rules of the foreign law as to conflict of laws, which rules may in turn refer the court back to the law of the forum. Black's Law Dictionary.

The plaintiff's rejection of the doctrine of renvoi does not accurately reflect the state of the law. Compare *Neal v. Butler Aviation Int'l Inc.*, 460 F.Supp. 98, 103 (E.D.N.Y. 1978), and *Hobbs v. Firestone Tire and Rubber Co.*, 195 F.Supp. 56, 59 (N.D.Ind.1961). Unless the actual result is to return to the law of the forum state, a forum state should not be foreclosed from applying conflict of law rules of the designated state, if appropriate. This case like both Neal and Hobbs involves "transmission" rather than "renvoi" since the result is to end up in a third jurisdiction rather than back in the forum state.

The Restatement of Conflicts 2d § 8 states:

> When directed by its own choice-of-law rule to apply 'the law' of another state, the forum applies the local law of the other state except [w]hen the objective of the particular choice-of-law rule is that the forum reach the same result on the very facts involved as would the courts of another state, the forum will apply the choice of law rules of the other state.

Comment *i* indicates that a forum state will adopt the borrowing statute of the

state to which its own borrowing statute refers, leading to use of a statute of limitations of a third state, if doing so will achieve the purpose of its own borrowing statute. Also see comment f to § 142 Restatement of Conflicts 2d, which highlights the split in authority on that issue and cites cases going both ways.

Iowa's "borrowing statute" bars a plaintiff's action that would be barred in the defendant's state of residence. The action would not be barred in Missouri unless its borrowing statute is applied. Generally the purpose of borrowing statutes is to prevent forum shopping. Missouri's borrowing statute must be applied to accomplish that purpose here. Iowa has no real interest in this suit and the interested states, Missouri and Tennessee, would reach the same result because Missouri would apply Tennessee's one year statute of limitations if the action had been commenced there. In such a situation the forum state will apply the rule the interested states would apply. Subsection 3 § 8 Restatement of Conflicts 2d.

The conclusion is that Iowa would apply Iowa Code § 614.7 so as to adopt the whole law of Missouri, including its borrowing statute, Missouri Code § 516.190, to reach the same result that Missouri would reach. Since the plaintiff's complaint was filed more than one year after the accident, it is barred. Under this holding there is no construction of the facts that could generate a material question of law or tort therefore the defendant is entitled to summary judgment.

IT IS THEREFORE ORDERED that the defendant's Motion for Change of Venue is denied.

IT IS FURTHER ORDERED that the defendant's Motion for Summary Judgment is granted and the Clerk of the Court is authorized and directed to enter judgment in favor of the defendant and against the plaintiff for the costs of this action.