**Forrest DRUDGE,
Appellant/Cross-Appellee,**

v.

**OVERLAND PLAZAS CO.,
Appellee/Cross-Appellant.**

**Nos. 81–1741, 81–1770.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 16, 1981.

Decided Feb. 2, 1982.

Hoffman, Burke & Bozick, Chicago, Ill., David H. Vernon, argued, Iowa City, Iowa, for appellant/cross-appellee.

Patterson, Lorentzen, Duffield, Timmons, Irish & Becker, James A. Lorentzen, argued, Des Moines, Iowa, for appellee/cross-appellant.

Before LAY, Chief Judge, and HENLEY and ARNOLD, Circuit Judges.

PER CURIAM.

Forrest Drudge brought this diversity action for personal injuries against Overland Plazas Co. in the United States District Court for the Southern District of Iowa.[1] The accident sued on occurred in Tennessee, and the action would be barred if brought in Tennessee under that State's one-year statute of limitations, Tenn. Code Ann. § 28–304. The District Court held that Iowa's borrowing statute, Iowa Code § 614.7, when considered along with the borrowing statute of Missouri, Overland's domicile, Mo.Ann.Stat. § 516.190, required it to apply the Tennessee statute of limitations, and therefore dismissed the action. 531 F.Supp. 210 (S.D.Iowa 1981).

We affirm. The question in this case turns on the interpretation of the Iowa borrowing statute in somewhat unusual circumstances. Plaintiff complains that the District Court has adopted a species of the doctrine of *renvoi*, a doctrine, he says, that has never been approved by the Supreme Court of Iowa, which is, of course, the final arbiter of Iowa conflict-of-laws rules. For us it is sufficient that the District Court's construction of the state statute is not inconsistent with any opinion of the Supreme Court of Iowa, that that court has never disapproved the doctrine of *renvoi*, and that such precedents as exist in Iowa seem, for reasons ably set out by the District Court, to point towards application of the Tennessee limitations period in this case. We agree both with the result and with the reasoning of the District Court's opinion.

This disposition of Drudge's appeal makes it unnecessary to deal with Overland's

---

1. The Hon. W. C. Stuart, Chief Judge.

cross-appeal from the denial of its alternative motion for transfer of venue.

Affirmed.