**GREAT RIVERS COOPERATIVE OF SOUTHEASTERN IOWA, et al., Plaintiffs,**

**v.**

**FARMLAND INDUSTRIES, INC., et al., Defendants.**

**Civil No. 4–95–70529.**

United States District Court, S.D. Iowa, Central Division.

July 3, 1996.

Frank A. Taylor, Popham Haik Schnobrich & Kaufman Ltd., Minneapolis, MN, Richard H. Zimmermann, Zimmermann & Zanville, Iowa City, IA, for plaintiffs.

Brad J. Brady, Thomas B. Read, Crawford Sullivan Read Roemerman & Brady PC, Cedar Rapids, IA, William C. Martucci, Michael F. Saunders, Spencer Fane Britt & Browne, Kansas City, MO, for defendants.

## RULING DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST TACEY ON COUNT VI

VIETOR, District Judge.

### Background

In this class action, plaintiffs are holders of "capital credits," a type of non-voting equity, in defendant Farmland Industries ("Farmland"). Plaintiffs allege that Farmland and Harry D. Cleberg, H. Wayne Rice, and Albert Shively, officers and/or directors of Farmland and its subsidiary, Farmland Foods, created a scheme under which plaintiffs and others were forced or misled into accepting capital credits. Plaintiffs further allege that it was the intent of defendants to refuse to redeem these capital credits, using their value to benefit Farmland, its active members, and its officers and directors. Plaintiffs assert claims under federal securities laws, the Racketeer Influenced and Corrupt Organizations Act, and various state laws including the count at issue in this ruling, count VI, for breach of fiduciary duty.

Prior to class certification (which occurred on May 7, 1996), defendants moved for partial summary judgment against plaintiff Roger Tacey. On December 20, 1995, I granted defendants' motion in part, denied it in part, and reserved ruling on the motion with respect to count VI pending supplemental briefing. The parties have now provided that briefing.

Count VI is a common law claim for breach of fiduciary duty. Defendants move for summary judgment on the basis that Kansas's statute of limitations, which is two years, bars the claim. I reserved ruling to explore more carefully the appropriate choice of law inasmuch as plaintiff Tacey is a citizen and resident of Nebraska, the individual defendants are citizens and residents of Missouri and Colorado, and Farmland is incorporated in Kansas and has its principal place of business in Missouri.

### Choice of Laws

#### Generally

A federal court hearing state claims applies the conflict of law principles of the forum state. *Birdsell v. Holiday Inns*, 852 F.2d 1078, 1079 (8th Cir.1988) (federal district court must apply conflicts principles of state in which it sits); *Cameron v. Hardisty*, 407 N.W.2d 595, 596 (Iowa 1987) ("With Iowa as the chosen forum, however, the federal court is bound to apply our choice of law rules.").

The first question in an apparent conflicts of law case is whether there is a "true conflict." *Nesladek v. Ford Motor Co.*, 46 F.3d 734, 736 (8th Cir.1995). If there is no "true conflict," a choice of laws analysis is unnecessary. In the present case, it appears that Iowa, Missouri, Colorado, Nebraska, or Kansas law could arguably apply. With regard to statutes of limitations for breach of fiduciary duty claims, the Iowa limitation is five years. *See* Iowa Code § 614.1(4); *Kendall/Hunt Publishing Co. v. Rowe*, 424 N.W.2d 235, 243 (Iowa 1988). The Missouri limitation is also five years. Mo.Rev.Stat. § 516.120. The Colorado limitation is three years. Colo.Rev.Stat. § 13–80–101(1)(f). Nebraska has a four-year statute of limitations. Neb.Rev.Stat. § 25–207. The Kansas limitation is two years. Kan.Stat.Ann. § 60–513(a)(3). On the summary judgment record, it is clear that summary judgment could not be granted based on the Iowa, Missouri, Nebraska, or Colorado limitations. It appears, however, that Tacey's count VI claim would likely be barred under Kansas's two-

year limitation. There exists, therefore, at least the potential for a true conflict, making a choice of law analysis necessary.

Iowa's choice of law rules traditionally have required application of local law to matters of procedure, subject to two exceptions: cases where the Iowa borrowing statute applies, and where the "right-remedy" distinction of Restatement (Second) of Conflict of Laws § 143 applies. *Cameron,* 407 N.W.2d at 596. Under Iowa law, statutes of limitations have traditionally been considered procedural. *Id.; Drudge v. Overland Plazas Co.,* 531 F.Supp. 210, 212 (S.D.Iowa 1981) (applying Iowa limitations law, including Iowa's borrowing statute, in a diversity action), *aff'd,* 670 F.2d 92 (8th Cir.1982). Limitations under Iowa law are codified in Iowa Code chapter 614, which includes a five-year limitation for fiduciary duty claims. Iowa Code § 614.1(4). Also in chapter 614 is the first exception, the borrowing statute, which provides:

> When a cause of action has been fully barred by the laws of any country where the defendant has previously resided, such bar shall be the same defense here as though it had arisen under the provisions of this chapter; but this section shall not apply to causes of action arising in this state.

Iowa Code § 614.7; *see Drudge,* 531 F.Supp. at 212. "This poorly drafted statute has been construed by the Iowa Courts to cover causes of action barred in other states as well as foreign countries * * * and current residences of the defendant as well as previous residences * * *." *Drudge,* 531 F.Supp. at 212 (internal citations omitted).

Under the borrowing statute, the first step is to determine where the defendants reside. It is undisputed that presently and at all material times Cleberg and Rice have resided in Missouri and Shively has resided Colorado. "The residence of a corporation is where its principal place of business is located." *Drudge,* 531 F.Supp. at 212 (citing *Iowa Public Serv. Corp. v. Iowa State Commerce Comm'n,* 263 N.W.2d 766, 769 (Iowa 1978)). Farmland's principal place of business has, at all material times, been Missouri; therefore Farmland resides in Missouri.

## Missouri Defendants: Farmland, Cleberg, and Rice

■ Determining whether Tacey's claim is "fully barred" against Farmland, Cleberg, and Rice (collectively, the "Missouri defendants") requires an analysis of Missouri's statute of limitations law, including its borrowing statute. *Drudge,* 531 F.Supp. at 212. Missouri's borrowing statute provides:

> Whenever a cause of action has been fully barred by the laws of the state * * * in which it originated, said bar shall be a complete defense to any action thereon * * *.

Mo.Rev.Stat. § 516.190. The critical issue in applying the borrowing statute is determining where a cause of action originated. *Nettles v. American Telephone & Telegraph Co.,* 55 F.3d 1358, 1362 (8th Cir.1995). An action originates where and when it accrues. *Penalosa Co-op. Exchange v. A.S. Polonyi Co.,* 754 F.Supp. 722, 733 (W.D.Mo.1991) (citing *Dorris v. McClanahan,* 725 S.W.2d 870, 871 (Mo.1987)); *Thompson v. Crawford,* 833 S.W.2d 868, 871 (Mo.1992). A cause of action accrues not "when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment * * *." Mo.Rev.Stat. § 516.100.

■ It appears that the Missouri Supreme Court has not conclusively stated where a breach of fiduciary duty claim accrues. For most tort claims, including fraud, Missouri considers the action to accrue where the harm is discovered. *Wayne v. Lederle Labs.,* 729 F.Supp. 662, 666 (W.D.Mo.1989); *Renfroe v. Eli Lilly & Co.,* 686 F.2d 642, 646 (8th Cir.1982). In the present case, Tacey, a Nebraska resident, suffered his alleged harm in Nebraska. For some contract and breach of promise claims, on the other hand, the cause of action

> ordinarily * * * accrues upon a defendant's failure to do the thing at the time and in the manner contracted, and a statute of limitations begins to run when a suit may be maintained therefore.

*Nettles,* 55 F.3d at 1363 (quoting *Davis v. Laclede Gas Co.,* 603 S.W.2d 554, 555 (Mo. 1980)). Because the location of the origin of

a claim is determined by when it accrues, this analysis would suggest that a breach of promise claim originates where the performance should have taken place, but did not. In the present case, the breach of promise reasoning would arguably suggest Missouri as the place of origin: that is where Farmland is headquartered and where its corporate duties are exercised. In this case, it is not necessary to predict with precision how the Missouri Supreme Court would determine the origination of a fiduciary duty claim. I am confident they would, faced with these facts, choose either Nebraska or Missouri. Nebraska law would not "fully bar" the claim for purposes of the Missouri borrowing statute, and Missouri's own limitations period, without applying their borrowing statute, would not bar the claim.

Defendants' argument that the claim originates in Kansas, Farmland's state of incorporation, merits discussion. Defendants base their argument on Restatement (Second) of Conflict of Laws § 309, which states, in relevant part:

> The local law of the state of incorporation will be applied to determine the existence and extent of a director's or officer's liability to the corporation, its creditors and shareholders, except where, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the parties and the transaction, in which event the local law of the other state will be applied.

Missouri has adopted section 309, see *Burt v. Danforth,* 742 F.Supp. 1043, 1047 (E.D.Mo. 1990); *Ranch Hand Foods, Inc. v. Polar Pak Foods, Inc.,* 690 S.W.2d 437, 444 (Mo.Ct.App. 1985), and for purposes of this ruling I assume that Missouri would apply Kansas's substantive law to fiduciary duty claim. Because Missouri so clearly equates *where* an action originates with *when* it originates, however, I believe that the Missouri Supreme Court would hold that adopting section 309 to govern the substantive aspects of fiduciary duty claims in no way affects the procedural law, as stated in section Missouri Statutes 516.100 and the common-law, for determining where a claim originates. This implementation of the procedure-substance

distinction does not intrude on the inarguably logical rationale behind Restatement section 309:

> Issues relating to the validity of [issuance of stock, declaration of dividends, and related matters], and to any resulting liability on the part of directors and officers, cannot practicably be determined differently in different states. It would be impracticable, for example, for a share issue of declaration of dividend to be valid in one state and invalid in another.

Restatement (Second) of Conflict of Laws § 309. Looking to the limitations periods of states other than the state of incorporation does not alter the validity of any redemption decisions or the substantive validity of any claims relating to redemption of capital credits. The substantive law of the state of incorporation may still determine the validity of all such claims, even though procedural law grants plaintiffs in different states different amounts of time to pursue those claims. I conclude that Restatement (Second) of Conflict of Laws § 309 does not control the statute of limitations question.

▇ Going back to the Iowa borrowing statute, it is now clear that Tacey's claim is not "fully barred" by the law of any state in which Farmland, Cleberg, or Rice resides. Therefore, Iowa Code § 614.7 does not apply. In addition to the borrowing statute, Iowa has adopted Restatement (Second) of Conflict of Laws §§ 142–143 to determine which statute of limitations to apply. *See Cameron,* 407 N.W.2d at 596; *Harris v. Clinton Corn Processing Co.,* 360 N.W.2d 812, 814–16 (Iowa 1985). Under section 142, if the action is not barred by the limitations of the forum state, the forum state law applies, subject only to the "right-remedy" distinction found in section 143 (the second exception noted in *Cameron* ). Following *Harris* in the present case would indicate that the five-year Iowa limitation should apply. Both *Harris* and *Cameron* were, however, decided prior to the revision of section 142 (which replaces sections 142–143). "Given the widespread acceptance * * * and the Iowa Supreme Court's favorable reference of Restatement principles on other choice of laws issues * * * it seems likely that the Iowa court

would adopt" the revised section 142. *See Harris*, 360 N.W.2d at 814 (internal citations omitted).

Restatement (Second) of Conflict of Laws § 142 presently reads:

Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6. In general, unless the exceptional circumstances of the case make such a result unreasonable:

(1) The forum will apply its own statute of limitations barring the claim.

(2) The forum will apply its own statute of limitations permitting the claim unless:

(a) maintenance of the claim would serve no substantial interest of the forum; and

(b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.

The "general" approach requires that I first look to the forum state to see if the claim is barred; it is not. The forum law permitting the claim applies unless two things are true: maintenance of the claim serves no substantial interest of the forum (which is the case here as no parties are citizens or residents of Iowa), and the claim would be barred in a state having a more significant relationship to the parties and the occurrence. Comment e to section 142 suggests that where multiple states are involved, the term "a more significant relationship" in § 142(2)(b) should be interpreted to mean "the most significant relationship":

[T]he courts select the state whose law will be applied to the issue of limitations by a process essentially similar to that used in the case of other issues of choice of law. * * * They stand for the proposition that a claim will not be maintained if it is barred by the statute of limitations of the state which, with respect to the issue of limitations, is the state of most significant relationship to the occurrence and the parties * * *.

Restatement (Second) of Conflict of Laws § 142, cmt. e. This reading of section 142(2)(b) is the most reasonable approach.

The revision of section 142 reduced the emphasis on applying the law of the forum state in an effort to prevent plaintiffs from shopping for long limitations periods in fora with little or no interest in the issue being litigated. It is no better policy, however, to allow a defendant to bar a claim by relying on the shortest applicable limitations period even though that state may have the least significant relationship to the parties and the occurrence. Giving this reading to section 142(2), the state with the most significant relationship is Missouri. Because Missouri's statute does not bar the claim, I conclude that under § 142(2) the law of the forum, in this case Iowa's five-year limitation, applies. Accordingly, the motion for summary judgment will be denied as to the Missouri defendants on count VI.

## Colorado Defendant: Shively

■ Again, the Iowa borrowing statute requires that I first look to Shively's state of residence, Colorado. Colorado has a three-year statute of limitations, but also has a borrowing statute. That statute reads:

If a cause of action arises in another state * * * and, by the laws thereof, an action thereon cannot be maintained in that state * * * by reason of lapse of time, the cause of action shall not be maintained in this state.

Colo.Stat. § 13–80–110.

Unlike Missouri, which has unequivocally stated that where a claim arises is determined by when the claim arises, there is no clear guidance in the cases interpreting the Colorado borrowing statute or its predecessor, section 13–80–118, as to where a claim arises. The absence of case law specific to this narrow issue requires me to look to more general sources. Colorado has adopted Restatement (Second) of Conflict of Laws §§ 142, 145 (regarding general choice of law principles for torts), and 309. *See Wyatt v. United Airlines, Inc.*, 638 P.2d 812, 813 (Colo.Ct.App.1981) (§ 142); *First Nat'l Bank v. Rostek*, 182 Colo. 437, 514 P.2d 314, 320 (1973) (§ 145); *Ficor, Inc. v. McHugh*, 639 P.2d 385, 391 (Colo.1982) (§ 309).

In *Hamilton v. Cunningham*, 880 F.Supp. 1407 (D.Colo.1995), the court interpreted Re-

statement (Second) of Conflict of Laws §§ 142 and 6, arriving at the conclusion that Colorado limitations governed various fraud, fiduciary duty, and securities claims because Colorado had the most significant relationship to the claims. *Hamilton,* 880 F.Supp. at 1412–14; *see also* at 1409 n. 4 (stating generally that claims arose in Colorado because "the conduct forming the basis of [the] Statement of Claim took place in Colorado"). In *Vandeventer v. Four Corners Electric Company,* 663 F.2d 1016 (10th Cir.1981), a personal injury case, the court determined that Colorado applies section 145 to determine where a claim arises. *Vandeventer,* 663 F.2d at 1017–19. In *Ficor,* the court acknowledged the applicability of section 309, but held that because section 309 references section 6, incorporation alone was not enough to conclusively determine that the claim arose in the state of incorporation.

> Except for its incorporation in the District of Columbia and the fact that some of its officers, directors, and shareholders reside in or near the District of Columbia, all of Ficor's activities were conducted in Colorado and all of its assets were located here. Under these circumstances we conclude that the rights and duties between the corporation's directors and shareholders and the corporation's creditors, incident to Ficor's dissolution, should be determined under Colorado law.

*Ficor,* 639 P.2d at 391.

It is clear that under any of these guiding Restatement sections, and the *Ficor* interpretation of section 309 in particular, the Colorado borrowing statute would not result in the application of Kansas's statute of limitations. As with the Missouri defendants, this means, with respect to the Iowa borrowing statute, that Colorado law does not fully bar the claim and the Iowa borrowing statute does not apply. The remainder of the analysis is the same for Shively as for the Missouri defendants: Iowa law applies, and Tacey's claim is not barred. Defendants' motion as it applies to defendant Shively will be denied.

1. As of March 31, 1995, the Social Security Administration became an independent agency from the Department of Health and Human Services. Therefore, the Court has substituted Shirley S. Chater, Commissioner of Social Security,

### Ruling

Defendants' motion for summary judgment on count VI of the complaint of plaintiff Tacey is **DENIED.**